## GEORGE E. VINCENT
### vs.
## H. H. TAYLOR & SON, INC.

Superior Court          Fairfield County          File #47870

Present:   Hon. ALFRED C. BALDWIN, Judge.

Granville D. Stubbs,          Attorney for the Plaintiff.

Wilson & Hanna,          Attorneys for the Defendant.

### MEMORANDUM FILED NOVEMBER 4, 1935.

BALDWIN, J.   This is an action to foreclose a mechanics lien and for damages.   The lien is for services rendered in the construction of a house under an agreement with the owner of the property at the time.   The services were commenced to be rendered July 13, 1932, and plaintiff ceased rendering services February 4, 1933.   The lien appears to be in proper form and to have been filed for record in due season.

On June 29, 1934, a judgment of foreclosure of a mortgage made by the owners of the title on May 2, 1932, was rendered against several defendants named in the action, among whom was this defendant, and law days were set upon which the several defendants might respectively redeem.   Among them was the defendant in this action, and this defendant redeemed according to the judgment of foreclosure and·duly filed a certificate of foreclosure.

In that foreclosure action this plaintiff was not a party. He therefore has not had his day in court, to which he is entitled.

By the foreclosure the mortgagors and all incumbrancers, who were parties to the foreclosure, and whose incumbrances were subsequent to the redeeming incumbrancer, were foreclosed of their respective interests in the property.

The title of which the mortgagors were foreclosed was such title as the mortgagors had power to mortgage at the

time the mortgage was given, and by the foreclosure this redeeming incumbrancer obtained such title only; see **Gaul vs. Baker, 105 Conn. 80.**

Since the mortgage foreclosed antedated the commencement of the services upon which the lien now sought to be foreclosed was based, it was prior to this lien, and had this lienor been made a party to that action, and given a time in which to redeem and had he failed to have redeemed, he would have been foreclosed of his interest under his lien. Not having been foreclosed, he now has his lien and is entitled to his day in court.

His complaint sets up a cause of action and it would appear from this complaint that he was entitled to a judgment of foreclosure, subject to payment of the mortgage debt and costs paid by this defendant plus interest from the date of payment.

Upon such foreclosure this plaintiff would acquire title subject to the existing incumbrances which were prior to the incumbrance upon which the foreclosure was brought and such as preceded the incumbrancer redeeming, (this defendant), if any, and also subject to the incumbrance this defendant had at the time the foreclosure was brought.

By way of suggestion it would seem that an answer and cross-complaint would be an appropriate solution of the present situation.

The demurrer is overruled.