[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
On July 6, 1990, the plaintiff, Louis R. Monnerat, filed this products liability action alleging in two counts that he was injured while using a fork lift leased or rented to his employer by the defendant H. O. Penn Machinery Co., Inc. (H. O. Penn) and manufactured by the defendant The Prime Mover Co., Inc. (Prime Mover).
The first count of the plaintiff's complaint is directed to the defendant Prime Mover while the second count is directed to the defendant H. O. Penn.
On September 24, 1990, the defendant Prime Mover filed a motion to strike the first count of the plaintiff's complaint "on the grounds that: a) it fails to state a claim upon which relief can be granted; b) it improperly joins allegations which are not CT Page 4653 to be joined; c) the plaintiff's claim by operation of law is limited to a statutory claim only." Prime Mover filed a memorandum of law in support of its motion on the same date. On September 26, 1990, H. O. Penn filed an identical motion to strike the first count of the plaintiff's complaint and supporting memorandum.
In their memoranda, the defendants argue that product liability claims under Conn. Gen. Stat 52-572m and 52-572n are the exclusive remedy for claims falling within its scope and, therefore, the plaintiff's allegations of negligence, breach of warranty, and strict liability "are not legally sufficient since52-572m and 52-572n control."
The plaintiff argues in opposition to the motion that his complaint contains allegations of facts sufficient to state a cause of action in product liability.
A motion to strike may be used to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Conn. Practice Bk. 152 (rev'd to 1978, as updated to October 1, 1990). "If the facts provable under [a pleading's] allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 109 (1985). A motion to strike may not be addressed to separate paragraphs of a pleading, for it is the entire pleading, not the individual paragraphs, that must set up a cause of action or defense. Ashan v. Olsen, 3 CSCR 55, 55
(November 9, 1987, Wagner, J.). No separate paragraph of a pleading may be stricken. Id.
Whenever a party desires to obtain the deletion of any unnecessary or improper allegations in a complaint, or the separation of causes of action improperly combined in one count of a complaint, that party should file a request to revise the complaint. Conn. Practice Bk. 147(2) and (3).
 In order to recover under the doctrine of strict liability in tort the plaintiff must prove that: (1) the defendant was engaged in the business of selling the product; (2) the product was in a defective condition unreasonably dangerous to the consumer or user; (3) the defect caused the injury for which compensation was sought; (4) the defect existed at the time of the sale; and (5) the product was expected to and did reach the consumer without substantial change in condition. Restatement (Second) Torts 402A (1965); see Rossignol v. Danbury School of CT Page 4654 Aeronautics, Inc., 154 Conn. 549, 562, 227 A.2d 418.
Giglio v. Connecticut Light Power Co., 180 Conn. 230, 234
(1980). Under Conn. Gen. Stat. 52-572m(b) (rev'd to 1989), a product claim includes all claims or actions brought for personal injury including, but limited to, "[s]trict liability in tort; negligence, breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation or nondisclosure, whether negligent or innocent." "`A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief.'" Giglio, 180 Conn. at 239. The facts which establish the existence of that right constitute the cause of action. Id.
The plaintiff's complaint states allegations of fact sufficient to state a product liability claim under Conn. Gen. Stat. 52-572m. It is also submitted that the allegations of fact in the plaintiff's complaint serve to establish the existence of the plaintiff's product liability claim. The defendants may request a motion to revise to remove any allegations that the defendants perceived as surplusage. The defendants' motions to strike the first count of the plaintiff's complaint is denied.
MANCINI, J.