[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Christine Nunes, acting through her mother and guardian Jayne Nunes, brought this action to recover damages for injuries sustained while she was existing a school bus. On December 19, 1989, the plaintiff filed a two count complaint. The first count is against the defendant Blake Bus Service, Inc., which provided the bus service, and its employee-driver the defendant Irene Merlone. The second count is against the defendant City of Ansonia (City), and the defendant Ansonia Board of Education (Board). In her second count, the plaintiff alleges, inter alia, that the City and Board were negligent in that they failed to contract for safe bus service.
On October 5, 1990, the City and Board each filed a motion to strike the second count of the plaintiff's complaint and supporting memorandum. The plaintiff filed her objection to the motion to strike and opposing memorandum on October 15, 1990.
The City moves to strike the second count on the ground that the Ansonia Board of Education is an agency of the state and, therefore, Conn. Gen. Stat. "7-465 does not impose liability on a Town for a Board of Education" and on the ground that Conn. Gen. Stat. "52-557(n) [sic] precludes any suit against the Town for an exercise of judgment or discretion as an official function." The Board moves to strike the second count on the ground that it is an agency of the state and is immune from liability.
In its memorandum in opposition, the plaintiff argues that sovereign immunity must be specially pleaded; that the Board was acting as an agent of the City, not the state; that the Board is liable under Conn. Gen. Stat.52-557n(a)(1)(A); that a suit against the Board is the same as a suit against the members of the Board for purposes CT Page 380 of Conn. Gen. Stat. 7-465; and that having decided to provide transportation to school students, the defendants had a duty to provide safe transportation.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). In considering a motion to strike, the trial court is limited to the grounds specified by the movant. Meredith v. Police Commission, 182 Conn. 138, 140 (1980). For purposes of the motion to strike, all well pleaded facts are deemed admitted by the movant and "[t]he allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitted evidence under them. . . ." Mingachos, 196 Conn. at 108-09. The court does not, however, "admit legal conclusions or the truth or accuracy of opinions stated in the pleadings Id. at 108. (Emphasis added).
"[I]f the facts provable under [a pleading's] allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos, 196 Conn. at 109. Moreover, "[w]hen a motion to strike attacks the whole pleading, it is addressed to all causes of action or defenses therein. Such a motion to strike fails if it does not reach all of the causes of action or defenses pleaded therein." Sprayfoam, Inc. v. Durant's Rental Centers, Inc.,39 Conn. Sup. 78, 79-80. (Super.Ct. 1983). A motion to strike may not be addressed to separate paragraphs of a pleading, for it is the entire pleading, not the individual paragraphs, that must set up a cause of action or defense. Ahsan v. Olsen, 3 CSCR 55, 55 (November 9, 1987, Wagner, J.). A motion to strike will be granted "only when the pleading as a whole fails to state a cause of action or defense; no separate paragraph thereof" may be stricken. Id.
"`It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases."' Duguay v. Hopkins, 191 Conn. 222, 227 (1983). "The doctrine of sovereign immunity involves the jurisdiction of the court over the subject matter of the action." Wiley v. Lloyd, 4 Conn. App. 447, 449 (1985). The issue of jurisdiction over the subject matter may be raised at any time, Conn. Practice Bk. 145, "and must be acted on by the court `regardless of the form of the motion'; Cahill v. Board of Education, 195 Conn. 229, 238 (1985); or the content of the pleadings. Sullivan v. Board of Commissioners, 196 Conn. 208, 213 (1985)." LaCroix v. Board of Education, 199 Conn. 70, 80 n. 8 (1986) (parallel CT Page 381 citations omitted). Therefore the court may address the issue of sovereign immunity on a motion to strike.
"Unlike the state, a municipality has no sovereign immunity." Fukelman v. Middletown, 4 Conn. App. 30, 32
(1988). A city "`is capable of suing and being sued . . . in any action."' Murphy v. Ives, 151 Conn. 259, 264 (1963) (Citations omitted). Connecticut municipalities do, however, enjoy limited governmental immunity from liability for their tortious acts or omissions. Ryszkiewicz v. New Britain, 193 Conn. 589, 593 (1984). Governmental immunity may be abrogated by statute. Id.; see, e.g., Conn. Gen. Stat. 7-465 and 13a-149.
Generally governmental immunity must be specially pleaded in accordance with Conn. Practice Bk. 164. Gauvin v. New Haven, 187 Conn. 180, 184 (1982). If, however, . . .
 it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike.
Brown v. Branford, 12 Conn. App. 106, 111 n. 3 (1987).
DEFENDANT BOARD'S MOTION TO STRIKE
The defendant Board moves to strike on the ground that it is an agency of the state and is, therefore, entitled to sovereign immunity. "Although a town board of education is an agent of the state when carrying-out the interests of the state, its members are not state but town officers." Sansone v. Bechtel, 180 Conn. 96, 100 (1980). "Local boards of education are also agents of the municipality that they serve, however." Cheshire v. McKenney,182 Conn. 253, 258 (1980). "`[T]he state, in the exercise of its policy to maintain good public schools, has delegated important duties in that field to the towns."' Id. (Citations omitted).
 General Statutes 10-240 provides, in part: "Each town shall through its board of education maintain the control of all of the public schools within its CT Page 382 limits."fn5 (Emphasis added). Local boards of education act on behalf of the municipality, then, in their function of maintaining control over the public schools within the municipality's limits. See also General Statutes 10-220.
Id. at 258-59 N.5 (In footnote 5, the court noted that "[t]his portion of General Statutes 10-240, which does not concern the method by which public schools are financed, was uneffected by our decision in Horton v. Meskill,172 Conn. 615. . . (1977)."); see also, Cahill v. Board of Education,187 Conn. 94, 101 (1982). Conn. Gen. Stat. 10-220 (a) provides, in pertinent part, that each local board of education "shall. . . provide for the transportation of children wherever transportation is reasonable and desirable, and for such purpose may make contracts covering periods of not more than five years. . . ." The defendant Board's motion to strike on the ground that the Board is an agent of the state and is entitled to sovereign immunity is denied.
DEFENDANT CITY'S MOTION TO STRIKE
The defendant City argues that the second count of the plaintiff's complaint should be stricken because Conn. Gen. Stat. 52-557n precludes any suit against the defendant City for negligent acts or omissions which require the exercise of judgment or discretion. Section 52-557n(a)(2)(B) states: "(2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." (Emphasis added). Conn. Gen. Stat. 52-557 states:
 In any action brought by any person for personal injuries received while being transported to or from school in a vehicle owned, leased or hired by, or operated under contract with, any town, school district or other municipality, it shall be no defense that such transportation is in the line of governmental duty. In any such action brought against any town, school district or other municipality, it shall be no defense that the transportation was being provided by an independent contractor.
CT Page 383
Therefore the defendant City's motion to strike the second count of the plaintiff's complaint is denied.
MANCINI, J.