[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION TO STRIKE COUNTS FOUR AND FIVE OF REVISED COMPLAINT
In this five count revised complaint the plaintiff claims that his employment was wrongfully terminated by his employer the defendant, Asylum Hill, Inc. his former supervisor, defendant Susan Roman, the five counts alleging breach of contract, negligence, breach of duty of fair dealing and good faith, denial of due process and racial discrimination, respectively.
On November 19, 1991, the defendants moved to strike counts four and five to the extent that they are based on denial of constitutional due process, because the plaintiff has not alleged the necessary "state action." The defendants also assert that count five fails to state a claim under 42 U.S.C. § 1981 in that it does not allege racial discrimination at the time of the formation of a contract.
 I
In Count Four the plaintiff alleges that the:
 "defendants had a duty to provide the plaintiff with notice of, and an opportunity for hearing as to, the reasons for termination from his employment CT Page 2472 previous to said termination . . . [that] [t]he plaintiff had a due process right to such notice and hearing prior to termination . . . [; that] [s]aid duty of and right to due process are predicated on Section 1 of the Fourteenth Amendment to the United States Constitution and Article 1, Section 10 of the Constitution of the State of Connecticut . . . [; and that] [b]y failing to provide the notice and hearing . . . the defendants deprived the plaintiff of liberty and property without due process."
Defendants argue in support of their motion that plaintiff has failed to allege the necessary "state action" and that just because an otherwise private entity receives public funding does not make it a state actor under the Fourteenth Amendment. The plaintiff concedes that due process claims require governmental involvement in the defendants' activities, commonly referred to as "state action" but argues that while the facts alleged in count four of the revised complaint "may not establish as a matter of law that `state action' is present, . . . [those facts] clearly preclude a finding as a matter of law that `state action' is not present." Plaintiff argues that paragraph 7 of count four which states: "The budget of defendant corporation, previous to and at the time of plaintiff's discharge, consisted of a substantial proportion of governmental funds" is sufficient, particularly because under Lockwood v. Killian, 172 Conn. 496, 503, 375 A.2d 998 (1977), "[s]tate action apparently will be found much more readily if racial discrimination is claimed, as opposed to any other form of discrimination."
We believe that the facts stated in count four of the revised complaint are insufficient, under either the federal or state constitutions, to meet the minimum requirement of state action to provide the plaintiff a cause of action for violation of due process. In Connecticut, due process claims under the federal and state constitutions can be treated together because they impose similar constitutional limitations. State v. Flanders, 214 Conn. 493, 500 n. 4, 572 A.2d 983 (1990). "The constitution of Connecticut, article first, 10, is . . . our due process . . . provision . . . and has the same meaning and same limitations as the federal due process provision." Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646, 656 n. 12,591 A.2d 101 (1991). CT Page 2473
In Rendell-Baker v. Kohn, 457 U.S. 830, 838-40,102 S.Ct. 2764, 73 L.Ed.2d 418 (1982) the U.S. Supreme Court stated:
 "[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities. . . The . . . question posed in cases arising under the Fourteenth Amendment . . . [may be articulated as:] is the alleged infringement of federal rights "fairly attributable to the State?" . . . [W]e conclude that . . . receipt of public funds does not make the discharge decision acts of the State.
Federal courts have held that the mere fact that an otherwise private institution receives public funding does not make it a state actor under the fourteenth amendment. Corrente v. St. Joseph's Hosp. and Health Center, 730 F. Sup. 493, 500
(N.D.N.Y. 1990). The Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful." Blum v. Yaretsky, 457 U.S. 991, 1002,102 S.Ct. 2777, 73 L.Ed.2d 534, (1982).
Since plaintiff's allegation that the budget of the defendant Asylum Hill, Inc. consists of a substantial portion of governmental funds is legally insufficient to support a claim under either the state or federal constitutions that the defendants are state actors with a duty to provide due process to the plaintiff, defendants' motion to strike count four should be granted.
 II
The plaintiff alleges in paragraph 8 of count five that he "was discharged from his employment by the defendants based upon his race, in violation of the Fourteenth Amendment to the United States Constitution, Title 42 United States Code, Section 1981, and in violation of C.G.S., Secs. 46a-58(a); 46a-60(a)(1);46a-60(a)(4)." The defendants seek to strike count five to the extent that it realleges a violation of the fourteenth amendment as asserted in count four. While an individual paragraph of a complaint may be the proper subject of a motion to strike if it embodies an entire cause of action; Depray v. Saint Francis Hospital, 2 CSCR 691 (June 9, 1987, L. Dorsey, J.), if any allegation contained in that paragraph is legally sufficient to CT Page 2474 state a claim, the motion to strike should be denied. See Schrader v. Rosenblatt, 26 Conn. Sup. 182, 183 (Super.Ct. 1965); see also Ahsan v. Olsen, 3 CSCR 55 (November 9, 1987, Wagner, J.). We find that the allegation of a racial discrimination violation in paragraph 8 of Count Five, which alleges the due process violation, is legally sufficient to withstand the motion to strike.
 III
The defendants further assert that Count Five fails to state a claim under 42 U.S.C. § 1981 in that it does not allege racial discrimination at the time of the formation of a contract.
Count Five of the Revised Complaint states in relevant part:
 The plaintiff was an employee of the defendant corporation until on or about November 6, 1989 when he was terminated by defendant SUSAN ROMAN . . . The plaintiff is a Black male . . . [T]he plaintiff was discharged from his employment by the defendants based upon his race . . . in violation . . . Title 42 United States Code, Section 1981.
The defendants cite Patterson v. McLean Credit Union, 491 U.S. 164,105 L.Ed.2d 132 (1989), for the proposition that racial harassment claims are not actionable under 1981 because the statute does not apply to conduct which occurs after the formation of a contract and which does not interfere with the right to enforce established contractual obligations since the statute prohibits discrimination only in the making and enforcement of contracts. (Emphasis supplied).
Plaintiff argues that section 1981 applies to post formation of contract actions, such as the alleged discriminatory firing of the plaintiff in November of 1989, but in any event that Patterson has been overruled by Congress with the enactment of Public Law 102-166, the "Civil Rights Act of 1991," amending section 1981, which became effective on November 21, 1991.
There is a question of the retroactive effect of Public Law102-166. The United States Supreme Court has said in Kaiser CT Page 2475 Aluminum v. Bonjorno, 494 U.S. 827, 836-37, 110 S.Ct. 1570,108 L.Ed.2d 842 (1990):
 The Court in Bradley v. Richmond School Bd., 416 U.S. 696, 40 L.Ed.2d 476, 94 S.Ct. 2006 (1974) . . . held that "a court is to apply the law in effect at the time it renders its decision:. . . In apparent tension with the rule articulated in Bradley, supra, is our recent reaffirmation of the generally accepted axiom that "[r]etroactivity is not favored in the law . . . [C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." Bowen v. Georgetown University Hospital, 488 U.S. 204, 208, 102 L.Ed.2d 493, 109 S.Ct. 468 (1988). . . We need not in this case, however, reconcile the two lines of precedent represented by Bradley, supra, and Georgetown, supra, because under either view, where the congressional intent is clear, it governs. See Bradley, supra, at 716-717 . . . (intervening statute applies retroactively unless a contrary intention appears); Georgetown, supra, at 208 . . . (statute does not apply retroactively unless its language requires it).
In the instant case congressional intent seems quite clear that it was meant to overrule Patterson. The House Report states in relevant part: "[t]his section amends 42 U.S.C. § 1981
(commonly referred to as `section 1981') to overturn Patterson v. McLean Credit Union." U.S.C. Cong. Admin., News, 728 (1991). The same report states in relevant part that the act:
 applies retroactively to certain provisions overturning specific Supreme Court cases. These sections would apply to all proceedings pending on or commenced after the date of the relevant decisions. The retroactive sections . . . [include section] 12 (overturning Patterson) . . . Federal Courts have consistently upheld the retroactive application of civil rights and employment laws.
U.S.C. Cong. Admin. News, 731-32 (1991). Since it appears that Public Law 102-166 should be applied retroactively to this case, we find no merit to defendants claim under the Motion to Strike. CT Page 2476
Motion to Strike Count Four is granted. Motion to Strike Count Five is denied.
Wagner, J.