[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S MOTION TO STRIKE ENTIRE SECOND REVISED COMPLAINT
On May 19, 1992, the plaintiff, Tina Rossi, in her capacity as executrix of the estate of Donald Lovallo, filed a one-count complaint in which the estate seeks to recover for injuries sustained by Lovallo as a result of defendant Ronald Young's alleged negligent operation of a motor vehicle. In her second revised complaint filed on April 29, 1993, the plaintiff alleges that on July 4, 1991, the defendant was operating his pick up truck on private property.
The plaintiff alleges that at that time, Lovallo was riding as a passenger and was seated on the tailgate of the defendant's truck. The plaintiff further alleges that Lovallo was thrown from the truck and injured as a result of the defendant's negligence.
Lovallo subsequently died as a result of these injuries on July 8, 1991.
On May 17, 1993, the defendant filed a motion to strike the plaintiff's entire second revised complaint (No. 119) on the ground that it is "legally and factually insufficient to maintain a cause of action" pursuant to General Statute14-257. The plaintiff filed a memorandum of law in opposition dated June 2, 1993.
A motion to strike allows the moving party to contest "the legal sufficiency of the allegations of any complaint. . . or any one or more counts thereof, to state a claim upon which relief can be granted. . . ." Practice Book 152(1); Ferryman v. Groton, CT Page 7189212 Conn. 138, 142, 561 A.2d 432 (1989). In analyzing a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 540 A.2d 1185 (1988). If the court finds that the facts alleged in the pleading support a cause of action, the motion to strike must be denied. Ferryman v. Groton, supra, 142.
In support of his motion to strike, the defendant argues that General Statute 14-257 does not apply to vehicles that are operated upon private property, as the prohibition contained in the statute applies only to vehicles that are operated "upon any public highway or other public place. "General Statute 14-257(a). The defendant also argues that14-257 does not apply to passengers riding on a tailgate, as the statute only forbids persons from "riding upon the running board, fender, hood or top of such vehicle." Id. In response, the plaintiff argues for a broad interpretation of the language contained in 14-257(a).
In ruling on a motion to strike, a trial court may only consider those grounds raised in the motion. Blancato v. Feldspar Corp., 203 Conn. 34, 44, 522 A.2d 1233 (1987). The defendant's motion to strike seeks to strike the plaintiff's entire complaint on the ground that it fails to state a legally sufficient cause of action pursuant to 14-257. A review of paragraph four of the plaintiff's second revised complaint, shows that the plaintiff is attempting to plead both a common law negligence cause of action and a negligence per se action pursuant to 14-257. It reads as follows:
4. These injuries were caused by the carelessness and negligence of the defendant in that he operated his truck at a time when Donald Lovallo was seated on the center of the tailgate, without access to any handhold, although he knew, or in the exercise of reasonable care should have known, that such operation created an unreasonable risk of injury to Donald Lovallo; in that he operated that vehicle at a time when passengers were riding upon the tailgate in violation of14-257 of the Connecticut General Statutes; in that he operated that vehicle at too high and excessive a rate of speed for the time and place and the circumstances then prevailing; in that he failed to keep a proper lookout; and in that he CT Page 7190 failed to keep his vehicle under proper control.
A motion to strike which is directed at the entire complaint must fail if any of the plaintiff's claims are legally sufficient. Doyle v. AP Realty Corporation, 36 Conn. Sup. 126,127, 414 A.2d 204 (1980), citing Water Commissioners v. Robbins, 82 Conn. 623, 633; 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1970) 116(e). "A [motion to strike] will be [granted] only when the pleading as a whole fails to state a cause of action. . . ." Ahsan v. Olsen, 3 CSCR 55 (November 9, 1987, Wagner, J.), quoting Stephenson, Conn. Civ. Proc. 94(a), p. 190.
Accordingly, the defendant's motion to strike is denied because it is directed toward the plaintiff's entire second revised complaint, and the plaintiff's second revised complaint states a legally sufficient common law negligence claim.
LEHENY, JUDGE