[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs filed a two-count complaint alleging the defendant's negligence due to the plaintiff Philip McMahon's fall from a ladder while trimming trees. Plaintiff Thelma McMahon alleges loss of consortium in the second count. At the time of this incident the plaintiffs were members of the condominium association.
The defendant moved to strike subparagraph (d) of paragraph 6 of each count on the grounds that it is legally insufficient. The subparagraph alleges that the defendant was negligent in that it failed to comply with § 31-49 of the General Statutes, a statutory provision that is within the sole jurisdiction of the Labor Commissioner and any violations thereunder cannot give rise to a private cause of action. See, General Statutes, § 31-50.
"A motion to strike may not be addressed to separate paragraphs of a pleading, for it is the entire pleading, not the individual paragraphs, that must set up a cause of action or defense." (Citation omitted.) Nunes v. Blake Bus Service, Inc.,
3 Conn. Rptr. 116, 117 (January 4, 1991, Mancini, J.).
A motion to strike will be granted "only when the pleading as a whole fails to state a cause of action or defense; no separate paragraph thereof" may be stricken. Ahsan v. Olson, 3 CSCR 55
CT Page 6717 (November 9, 1987, Wagner, J.). "A motion to strike a single paragraph is technically improper when the paragraph does not purport to state a cause of action." Michaud v. St. Mary'sHospital, 4 Conn. L. Rptr. 442, 443 (August 21, 1991, Byrne, J.).
The motion to strike having been filed improperly, it is denied.
BY THE COURT
LEANDER C. GRAY, JUDGE