ALICE SCHRADER *v.* JACOB ROSENBLATT ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 142067

Memorandum filed October 19, 1965

*Watstein & Watstein,* of Bristol, for the plaintiff.

*Horwitz & Ebenstein,* of Hartford, for the named defendant.

*Bernard D. Gaffney* and *John F. Downes,* of New Britain, for defendant city of Bristol.

*Richard A. Walsh* and *Barney Lapp,* of West Hartford, for defendants Adam and Bernice Kozikowski.

*Camp, Williams & Richardson,* of New Britain, for defendants Joseph and Patricia LaChance.

*Halloran, Sage, Phelon & Hagarty,* of Hartford, for defendants Michael and Lillian Kristofik.

*Butler, Volpe & Sacco,* of Hartford, and *Hanrahan & Grabowski,* of Bristol, for defendant Felix Szydlowski.

*Gordon, Muir & Fitzgerald,* of Hartford, for defendants Walter and Virginia Chrostowski.

MACDONALD, J. In this action for damages arising out of a fall on an icy sidewalk, a number of adjoining property owners are joined as defendants, along with the city of Bristol, on the apparent theory that they all caused water to be drained off their respective hillside properties in such a way as to be concentrated and frozen at the spot

where plaintiff fell. These defendants, whose property is perhaps half a block up the hill from where plaintiff fell, have demurred to the separate subparagraphs of paragraph 12 of the third count, being subparagraphs (f) to (k) inclusive, because they recite breaches of specific duties which, by law, it is claimed, these defendants did not owe to plaintiff; i.e., removing ice, placing ashes or sawdust on it, failure to remedy, inspect or warn, etc.

However, these are simply several among many specifications of negligence to support the principal allegation of paragraph 12 that the injuries "were caused by the negligence of the defendants in the following ways: [followed by subparagraphs (a) through (k)]." This paragraph must be read and treated as a whole for purposes of a demurrer, under § 106 of the Practice Book. As explained by a leading authority on our practice: "If the pleading being demurred to contains a single count or a single defense, the demurrer must be addressed to the entire complaint or defense. It may not be addressed to separate paragraphs of the pleadings, for it is the total of a pleading, not the individual paragraphs, which must set up a cause of action or defense. A demurrer will be sustained only when the pleading as a whole fails to state a cause of action or defense; no separate paragraph thereof is by itself demurrable." Stephenson, Conn. Civ. Proc. § 94 (a), p. 190.

Paragraph 12 of the third count does, on its face, state a cause of action against these defendants—even considering only the first five subparagraphs. And even those attacked by defendants could apply under such cases as *Hanlon* v. *Waterbury,* 108 Conn. 197, 200, 201, and *Young* v. *Talcott,* 114 Conn. 675, 677, 678.

The demurrer is overruled.