[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff moves to strike the first special defense (rule against perpetuities), the second special defense (unreasonable restraint on alienation of land), and subparagraph (d) of the third special defense (unconscionability) as legally insufficient.
The following facts are alleged in the plaintiff's complaint. The defendant, Donald M. Tinty, owns a parcel of real property in Plainville, Connecticut. The plaintiff, the Grove Corporation, leased the property by way of a 1978 assignment from Exxon, Inc., the successor to the original lessee. The 20-year lease period commenced on May 24, 1960, and contained two optional five-year renewal periods. The plaintiff exercised both renewal options, bringing the lease period to an end on July 31, 1990. CT Page 353
Paragraph 13 of the lease gives the plaintiff an option to purchase the leased property at any time during the lease period, including renewal periods, for $45,000 upon notice to the defendant. On March 23, 1990, the plaintiff notified the defendant of its intention to exercise the option to purchase the property. On April 18, 1990, the defendant's lawyer told the plaintiff that the defendant would not convey the property. Plaintiff filed suit on May 14, 1990, to seek specific performance of the option and/or money damages. The defendant answered on July 23, 1990, and asserted five special defenses: the rule against perpetuities, unreasonable restraint on alienation of property, unconscionability, plaintiff's prior breach of lease, and failure to satisfy a condition precedent. The defendant later amended its third special defense to describe in fourteen subparagraphs why the lease is unconscionable.
On October 26, 1990, the plaintiff moved to strike the first and second special defenses and subparagraph (d) of the third special defense. On October 31, 1990, the defendant filed a memorandum in opposition.
A party may contest in a motion to strike "the legal sufficiency of . . . any special defense." Connecticut Practice Book 152 (1978, rev'd to 1989). "[I]f facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
The defendant argues in opposition to the motion to strike that the plaintiff did not comply with section 54 of the Practice Book because it did not specifically identify in its motion each claim of legal insufficiency. However, the court can waive the defect if the memorandum clearly sets forth the reasons why the defense is insufficient. Rowe v. Godou, 12 Conn. App. 538 (1987), rev'd on other grounds, 209 Conn. 273 (1988). The memorandum states the reasons for the alleged insufficiencies, and, therefore, the court waives the defect.
The plaintiff argues that each of the special defenses it attacks are legally insufficient. In its memorandum of law and at oral argument the plaintiff relies solely upon Texaco Refining and Marketing, Inc. v. Samowitz, 213 Conn. 676 (1990), which holds that an option in a lease to purchase property that must be exercised during the lease term is not subject to the rule against perpetuities. Id. at 685. Because the option in this contract must be exercised within the lease term, the plaintiff argues that the defendant may not assert any of the three special defenses at issue. CT Page 354
The defendant further argues that the rule against perpetuities discussion in Samowitz "had little to do with the decision." Additionally it argues that Samowitz did not address the issues of unreasonable restraint on alienation of property or unconscionability. Therefore, the defendant argues that these three special defenses are legally sufficient.
1. First Special Defense — the rule against perpetuities
In Samowitz, the court held "that an option to purchase contained in a commercial lease, at least if the option must be exercised within the leasehold term, is valid without regard to the rule against perpetuities." Samowitz, 213 Conn. at 685. The lease in the present case, which was attached to the complaint, states "[l]essor, in consideration of this lease, hereby grant [sic] to Lessee the option to purchase the property herein demised for the sum of Forty-five thousand dollars ($45,000.00) at any time during the original term of this lease or any renewal thereof . . . ." The lease in Samowitz contained almost identical language: the plaintiff/lessee had "the exclusive right, at lessee's option, to purchase the demised premises . . . at any time during the term of this lease or an extension or renewal thereof . . . ." Id. at 678. The lease in the present case is titled "Lease to Company" and the subject property was used as a gas station. The subject lease is a commercial lease and the option to purchase the property can only be exercised within the lease period. Samowitz is directly on point. The rule against perpetuities may not be asserted as a special defense to the option at issue. Accordingly the motion to strike the first special defense is granted.
2. Second Special Defense — unreasonable restraint on alienation
The second special defense states "[t]he plaintiff's purported option, and exercise thereof, constitutes an unreasonable restraint on the alienation or [sic] property." The plaintiff argues that the court should strike this special defense because Samowitz requires the court to find that the lease per se does not constitute an unreasonable restraint. Samowitz does not so hold. Samowitz held that a lease similar to the lease at issue does not need to comply with the rule against perpetuities. However, the court was not faced with the question whether the Samowitz lease constituted an unreasonable restraint on alienation.
At short calendar the plaintiff argued that unreasonable restraint on alienation of property and the rule against perpetuities are the same. However, in H.J. Lewis Oyster Co. v. West, 93 Conn. 518 (1919), the court said CT Page 355
 Professor Gray says: `The tying up of property, the taking of it out of commerce, can be accomplished either, first, by restraining the alienation of interests in it, or, secondly, by post poning to a remote period the arising of future interests.' Gray on Perpetuties (3d Ed.) 118a. This language points clearly to the distinction between direct restraints on alienation which are invalid, when inconsistent with the legal incidents of the estate granted, though they operate for a day only; and indirect restraints on alienation which the law tolerates within the limits of the rule against perpetuities.
H.J. Lewis Oyster, 93 Conn. at 527-28. In JLJ Associates v. Persiani, 41 Conn. Sup. 79 (1988), the court (Emmett, J.) said, "[t]he modern trend, however, has been to free preemptive options from the Rule [against perpetuities] and to subject them instead to the rule against unreasonable restraints on alienation." These cases hold that the two defenses are different. The defendant has stated a legally sufficient defense, and, therefore, the motion to strike the second special defense is denied.
3. Third Special Defense, part "d" — unconscionability The third special defense states, "[t]he terms of the purported option and the lease terms in general are so unfair and unconscionable that they are unenforceable in that: . . . (d) the extremely long term coupled with their [sic] automatic renewal." The defendant alleges thirteen other reasons (a-n) why the option and lease are unconscionable.
"A single paragraph of paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated, and then only by demurrer." Donovan v. Davis,85 Conn. 394, 397 (1912). In Schrader v. Rosenblatt, 26 Conn. Sup. 182
(Super.Ct. 1965), the defendant demurred (now moved to strike) six of twelve subparagraphs of a negligence count.
 [T]hese are simply several among many specifications of negligence to support the principal allegation of paragraph 12 that the injuries `were caused by the negligence of the defendants in the following ways: [followed by subparagraphs (a) through (k)].' This paragraph must be read and treated as a whole for purposes CT Page 356 of a demurrer.
Id. at 183. See also Ahsan v. Olsen, 3 CSCR 55 (November 9, 1987, Wagner, J.).
In the present case, the defendant alleged fourteen reasons, in lettered subparagraphs, why the lease between it and the plaintiff is unconscionable. The plaintiff moved to strike subparagraph (d). Subparagraph (d) does not state a separate special defense but alleges an example of the alleged unconscionability of the whole lease. The plaintiff may not attack subparagraph (d) without moving to strike the third special defense in its entirety. Accordingly the motion to strike the third special defense, subparagraph (d), is denied.
In summary, the court grants the motion to strike the defendant's first special defense, and denies the motion as to the second special defense and part (d) of the third special defense.
HENNESSEY, J.