[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO STRIKE
I MOTION TO STRIKE COUNTS TWO AND THREE BY J. WILLIAM BURNS, COMMISSIONER OF TRANSPORTATION.
As to counts two and three the motion to strike is granted. The allegations of the plaintiffs' complaint in these two counts base the cause of action upon several sections of Chapter 245a "Railroad Construction and Locations." These sections impose certain obligations upon the Commissioner as regards construction and location and do not confer upon the general public a cause of action for any dereliction in the Commissioner's performance of such duties.
The State of Connecticut is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity. White v. Burns, 213 Conn. 307, 312. Section 13a-144
provides, inter alia, that suit may be brought for injuries sustained by reason of defects in the highways, bridges and sidewalks. The sections alleged by the plaintiff to establish a cause of action impose certain requirements on the Commissioner for railroad construction and maintenance and, as set forth in CT Page 5240 Baker v. Ives, 162 Conn. 295, 304 --- while a duty may be imposed upon a state agency by statute it does not subject the sovereign state to tort liability for failure to do so.
Accordingly counts two and three may be stricken. II MOTION TO STRIKE COUNT FOUR
This count claims a cause of action against this defendant sounding in nuisance. Since sovereign immunity implies to any cause of action against the state except as provided by 13a-144
Connecticut General Statutes as set out elsewhere in this memorandum, this count may also be stricken. See Murphy v. Ives, 151 Conn. 259, 263. III MOTION TO STRIKE COUNT FIVE
The plaintiff in count five alleges a cause of action based upon a violation of Connecticut General Statutes 13a-111
claiming liability for failure to maintain or erect a railing on the sides of the bridge in question. Section 13a-152 provides that any person suffering damage by reason of the want of any railing required by 13a-111 may recover damages from the party required to erect and maintain the same (subject to certain conditions and requirements not relevant to this discussion). This section does not expressly authorize process for such injury against the state as does 13a-144 which the plaintiff has alleged in the first count and accordingly the motion to strike this count is granted. IV THE DEFENDANT COMMISSIONER OF TRANSPORTATION ALSO MOVES TO STRIKE PLAINTIFF TIMOTHY SMITH'S CLAIM FOR EMOTIONAL DISTRESS AS SET OUT IN COUNTS ONE, TWO, THREE, FOUR AND FIVE.
While the state of the law appears unsettled with regard to a bystander's claim for damages as a result of emotional distress unaccompanied by demonstrable physical injury, this court is in accord with the law as enunciated in Amodio v. Cunningham, 182 Conn. 80. The plaintiff has alleged in each of the various counts facts intended to bring him within the criteria as set out in Amodio and accordingly, the motion to strike the claims of Timothy Smith based upon a emotional distress is denied. V DEFENDANT METRO-NORTH AND AMTRACK'S MOTION TO STRIKE COUNTS SIX (v. METRO -NORTH) AND COUNT ELEVEN (v. AMTRACK) AS WELL AS CLAIMS OF TIMOTHY SMITH FOR EMOTIONAL DISTRESS AS ALLEGED IN COUNTS SIX THROUGH FIFTEEN.
As to the motion to strike the claims of emotional distress wherever alleged is denied on the basis of the court's rationale as set out elsewhere herein. VI DEFENDANT METRO-NORTH AND AMTRACK'S MOTIONS TO STRIKE COUNTS SIX AND ELEVEN. CT Page 5241 as set out elsewhere herein. VI DEFENDANT METRO-NORTH AND AMTRACK'S MOTIONS TO STRIKE COUNTS SIX AND ELEVEN.
The defendants contend as to these counts that the plaintiffs have attempted to allege a claim of statutory negligence by asserting a violation of various statutory provisions which were not intended to impose a duty for the protection of members of the general public but rather, simply to impose regulations upon those engaged in transportation activities. The plaintiffs contend that the other allegations of these counts are in terms of common law negligence and that if the count as alleged contains legally viable claims the motion to strike is inappropriate unless the entire count is legally insufficient. The court agrees. See Schrader v. Rosenblatt, 26 Conn. Sup. 182, 183. The motions to strike counts six and eleven are denied. VII AS TO COUNTS TEN AND FIFTEEN, the defendants move to strike on the grounds while the plaintiffs base their claims on an alleged breach of statutory duty (obligation to maintain bridge railings pursuant to 13a-111 C.G.S.). The duty imposed by13a-111 does not apply to railroads. However, the allegations of fact present a cognizable cause of action and may not be stricken. Accordingly, the motions to strike counts ten and fifteen are denied. VIII THE DEFENDANTS' MOTION TO STRIKE COUNTS SEVEN AND TWELVE.
In these counts seven and twelve, the plaintiff alleges wilful, wanton and reckless misconduct of the defendants. It is the defendants' claim that these allegations although using the terms of wilful, wanton and reckless are simply the same allegations of negligence used elsewhere in the complaint with these adjectives added and such is not sustainable under Brown v. Town of Branford, 12 Conn. App. 106. The court's examination of these allegations find the defendant's claim to be appropriate and accordingly, the motions to strike counts ten and fifteen are granted.
George W. Ripley, Judge