[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding arises out of motions to strike an allegation and certain counts of a revised complaint alleging medical malpractice.
A review of the revised complaint reveals the following factual claims. The plaintiff Paul Michaud (hereinafter the Father), was admitted to St. Mary's Hospital (hereinafter the Hospital) on October 1988, suffering from a traumatic amputation of the left arm.
Subsequent to the admissions, Dr. Robert H. Hendrickson (hereinafter Hendrickson) and Dr. Prasad Surredi (hereinafter Surredi) attempted a replantation of the arm. Thereafter the Father was transferred to the University of Massachusetts Medical Center where the left arm was amputated.
At all times relevant to the instant motions, the Father had two sons, Kerry Michaud and Brock Michaud (hereinafter the Sons).
Though the proceedings were commenced in a several count CT Page 7507 complaint dated September 27, 1990, our attention will be directed toward a revised complaint dated June 18, 1991 which revised complaint contains twelve counts.
The first count of the revised complaint is directed by the Father toward the Hospital. In paragraph 6(1) it is alleged that the Hospital was negligent in that "it failed to obtain the patient's informed consent" to perform the surgical procedure. To this allegation the Hospital filed a motion to strike claiming "a health care institution is not responsible for obtaining the patient's informed consent but that responsibility rests with a private attending physician."
In counts five and six the Sons make allegations against the Hospital that as a result of the Hospital's negligence, the Sons have sustained a loss of consortium with the Father, including loss of companionship, society, affection, and the like. To these allegations the Hospital filed motions to strike alleging that Sons cannot make claims for loss of consortium for injuries allegedly suffered by the Father while a patient at the Hospital.
In counts eight and nine, the Sons make allegations against Hendrickson that as a result of his negligence, the sons have sustained a loss of consortium with the Father including loss of companionship, society, affection and the like. To these allegations, Hendrickson has filed motions to strike alleging that Sons cannot make claims for loss of consortium for injuries allegedly suffered by the Father as a result of Hendrickson's negligent care and treatment.
It should be noted that similar allegations have been made in the revised complaint against Surredi as have been made against Hendrickson. At this point in time no motion to strike has been by filed by Surredi directed to loss of consortium claims made by the Sons against him.
The motion to strike is used to test the legal sufficiency of a pleading. Gordon v. Bridgeport Housing Authority, 208 Conn. 161
(1988). A motion to strike must rest wholly on the factual allegations in the complaint and may not contain affirmative facts which could only be moved by evidence. Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345, 348 (1990). It may also be used to recognize a newly emerging ground of liability. See Babych v. McRae, 41 Conn. Sup. 280 (1990).
The motion to strike admits all well-pleaded allegations; it cannot be opposed by facts outside the attached pleading. Verdon v. Transamerica Ins. Co., 187 Conn. 363, 365 (1982); Maloney v. Conroy, 208 Conn. 393, 394 (1988); other than the facts necessarily implied by and fairly probable under them. Mead v. CT Page 7508 Burns, 199 Conn. 651, 655 (1986). All well-plead facts must be construed in a manner most favorable to the non-moving party. Blancato v. Feldspan Corp., 203 Conn. 34, 36 (1987). In ruling on the motion, the court is limited to the grounds specified in the motion. Id. at 44. A motion to strike may be addressed to one pleading or count of that pleading or count purports to state a cause of action. Schrader v. Rosenblatt, 26 Conn. Sup. 182
(Super.Ct. 1965). It is not proper to address a motion to strike to a single paragraph. Ahsan v. Olsen, 3 CSCR 55 (November 8, 1987, Wagner, J.).
As to the Hospital's motion to strike addressed to the first count, it requests that any allegations referring to informed consent be stricken. A motion to strike a single paragraph is technically improper when that paragraph does not purport to state a cause of action. Schrader v. Rosenblatt, 26 Conn. Sup. 182
(Super.Ct. 1965). This count of the complaint alleges a negligence claim; and a motion to strike a portion of the count is an improper procedural approach. Accordingly, the motion to strike as addressed to the first count is denied. The court is aware of the fact that this procedure may have been suggested at a prior proceeding. The court would suggest that the Hospital might file a motion to strike the entire paragraph. The Father might consider amending the complaint to describe what the Hospital failed to disclose to the Father and delete the words "informed consent" which connote a certain legal definition vis-a-vis, the physician-patient relationship.
As to counts five, six, eight and nine, the Sons allege a loss of consortium based on the injury to their Father.
In Hopson v. St. Mary's Hospital, 176 Conn. 485 (1979), the Connecticut Supreme Court recognized a claim for loss of consortium. The rationale for recognizing this cause of action was the husband's duty to support his wife. Id. at 488. Such a claim exists for anti mortem loss of consortium only. Ladd v. Douglas Trucking Co., 203 Conn. 187 (1987).
Although there is no supreme or appellate authority specifically deciding whether children may recover for loss of consortium of an injured parent, see Mahoney v. Lensink, 17 Conn. App. 130,141 n. 7 (1988); the federal and superior courts of this state have had many occasions to consider this issue. All courts addressing claims for filial consortium have ruled without exception that such a claim is not permissible. c.f. Clark v. Romeo, 561 F. Sup. 1209 (D.Conn. 1983); Thurman v. Torrington, 11 CLT. No. 27 p. 7 (D.Conn. 1985); Reilly v. DiBianco, 7 CLT No. 13 p. 13 (February 17, 1981, Levine, J.); Seger v. Dunne,3 CSCR 233 (January 22, 1988, Hennessey, J.). CT Page 7509
As Judge Zampano noted,
 It is clear that the Connecticut Supreme Court in Hopson limited its consortium relationship. . . Neither the court's rationale nor any reasonable inference to be drawn therefrom, permits a conclusion that it intended to overrule its prior decisions which proscribed loss of consortium claims by minor children. . .
Clark, 561 F. Supp. at 1210 (1983).
Accordingly, the motions to strike counts five, six, eight and nine of the amended co complaint are granted.
BYRNE, J.