[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (131.50) AS TO SUBSTITUTED COMPLAINT
By a substituted twelve-count complaint dated November 9, 1992, the plaintiff, Debra P. Muli, both individually and as the administratrix of the estate of John P. Muli, Sr., brings this action against the defendants, Joseph Scacciaferro and Appleby and Cutone, Inc. ("Appleby and Cutone"). The action arises out of the death of John P. Muli, Sr. in a fatal accident allegedly involving the defendants.
The plaintiff alleges that on or about April 29, 1991, the decedent was employed by White Oak Construction Company ("White Oak"). The plaintiff alleges that the decedent was working on a construction project on the Arrigoni Bridge in the easternmost southbound travel lane along Route 9 South. The plaintiff alleges that at that time the defendant Scacciaferro was the operator of a dump truck in the same construction area where the decedent worked. The plaintiff alleges that the decedent was standing in the easternmost southbound lane of Route 9 when the truck operated by Scacciaferro entered the highway from nearby Miller Street. The plaintiff alleges that Scacciaferro proceeded to backup in the travel lane and collided with the plaintiff's decedent causing fatal injuries.
In counts one and two, the plaintiff asserts a cause CT Page 7739 of action for negligence against the defendants, Scacciaferro, and Appleby and Cutone respectively. In counts three and four, the plaintiff asserts an action for willful and wanton misconduct against Scacciaferro, and Appleby and Cutone respectively. In count five, the plaintiff asserts an action for a violation of General Statutes Secs. 14-218a and 14-222
within the meaning of General Statutes Sec. 14-295 with regards to Scacciaferro. The plaintiff asserts an action based on a violation of General Statutes Sec. 14-295 and Sec. 14-222
against Appleby and Cutone in count six.
In counts seven and eight, the plaintiff asserts as action individually against Scacciaferro, and Appleby and Cutone for negligence. In counts nine and ten, the plaintiff asserts an action individually against Scacciaferro, and Appleby and Cutone for willful and wanton conduct. In count eleven, the plaintiff brings an action against Scacciaferro for a violation of General Statutes Secs, 14-218a and 14-222. In count twelve, the plaintiff brings an action against Appleby and Cutone for a violation of General Statutes Sec. 14-222.
The defendants filed a motion to strike counts five, six, eleven and twelve of the plaintiffs claim for relief and paragraphs 5(f) and (g) of the first count, paragraphs 7(f) and (g) of the second count, paragraphs 5(a) and (b) of the third count, 7(f) and (g) of the eight count, 7(a) and (b) of the ninth count, and 7(b) of the tenth count. The defendants filed a memorandum of law dated January 27, 1993.
The plaintiff filed a memorandum of law in opposition dated February 24, 1993. The defendants filed a reply memorandum of law dated April 16, 1993.
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989), citing Practice Book Sec. 152. The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). The court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar, 203 Conn. 34, 36, 522 A.2d 1235 (1987).
"[A]n individual paragraph contained in a complaint is not the proper subject of a motion to strike unless it embodies CT Page 7740 an entire cause of action." Depray v. St. Francis hospital, 2 CSCR 691 (June 9, 1987, Dorsey, J.), citing Donovan v. Davis. 85 Conn. 394, 396-98 (1912); Schrader v. Rosenblatt, 26 Conn. Sup. 182, 183, (1965).:
I. Counts Five, Six, Eleven and Twelve
The defendant argues that the plaintiff's claim under General Statutes Sec. 14-295 are legally insufficient because neither General Statutes Secs. 14-222 nor 14-218a apply to a closed construction site. The defendant argues that the locus of the alleged fatal accident was a construction site closed to traffic. The defendant argues that the language of both General Statutes Secs. 14-222 and 14-218a require that the violation occur on public highway. The defendant argues that because the accident occurred in a "posted construction area" that was "closed to traffic" there can be no violation of General Statutes Sec. 14-295, and therefore counts five, six, eleven and twelve should be stricken.
The plaintiff argues that the more liberal interpretation of the statute is that the legislature wished to extend the application of the statute to all areas where it reasonably could exercise control. The plaintiff argues that the definition of "highway" which appears in General Statutes Sec.14-1 (34), includes a "place" which is under the control of the state or subdivision of the state which is "dedicated, appropriated or opened to public travel or other use." The plaintiff argues that the portion of highway at issue was posted "construction area" and "closed to traffic." The plaintiff argues that the statute is broad enough to encompass a construction area where traffic is heavy. The plaintiff claims that the language of the definition section was not intended to allow the status of a stretch of highway to change based on a temporary condition.
General statutes Sec. 14-295 provides:
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle CT Page 7741 in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239
or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
General statutes Sec. 14-218a(a) (b), entitled "Traveling unreasonably fast," provides in part:
 (a) No person shall operate a motor vehicle upon any public highway of the state, or road of any specially chartered municipal association or any district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any parking area as defined in section 14-212, or upon a private road on which a speed limit has been established in accordance with this subsection, or upon any school property, at a rate of speed greater than is reasonable, having regard to the width, traffic and use of highway, road or parking area, the intersection of streets and weather conditions. . . .
 (b) Any person who operates a motor vehicle at a greater rate of speed than is reasonable, other than speeding, as provided for in section 14-219, shall commit the infraction of traveling unreasonably fast.
General statutes Sec. 14-222, entitled "Reckless driving," provides:
 (a) No person shall operate any motor vehicle upon any public highway of the state, or any road of any specially chartered municipal association or of any district organized under provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or in any parking area for ten cars or more or upon any private road on which a speed limit has been established in accordance with the provisions of section 14-218a
or upon any school property recklessly, having regard to the width, traffic and use of such highway, CT Page 7742 road, school property or parking area, the intersection of streets and the weather conditions.
General Statutes Sec. 14-1 (34) provides:
 (34) "Highway" includes any state or other public highway, road, street, avenue, alley, driveway, parkway or place, under the control of the state or any political subdivision of the state, dedicated, appropriated or opened to public travel or other use;
 ". . . `A highway is a public way open and free to anyone who has occasion to pass along it on foot or with any kind of vehicle. In every highway the King and his subjects may pass and repass at pleasure.' The essential feature of a highway is that it is a way over which the public at large has a right to pass. . . Accordingly, the term `highway' is ordinarily used in contradistinction to a private way, over which only a limited number of person have a right to pass."
(Citations omitted.) State v. Swithcenko, 3 Conn. Cir. 511, 513, 217 A.2d 484 (1966).
The plaintiff alleges in paragraphs three and four of count five, allegations that are included by reference in counts six, eleven and twelve, that on or about April 29, 1991, at approximately 11:35 a.m.:
 3. At that time and place, the defendant, Joseph Scacciaferro, was the operator of a dump truck in the posted construction area in said easternmost southbound travel lane of Route 9 south, approximately 175 feet south of Miller Street in Middletown, Connecticut.
 4. At said time and place, the plaintiff's decedent, John P. Muli, Sr. was standing in said easternmost southbound travel lane, which had been closed to traffic, facing in a southerly direction, when the dump truck operated by the defendant, Joseph Scacciaferro, entered the highway from Miller Street, backed up in said CT Page 7743 easternmost southbound travel lane, and collided with the plaintiff's decedent, all of which caused the plaintiff's decedent to sustain and suffer the fatal injuries and loses hereinafter set forth.
It is not in dispute that the easternmost southbound travel lane of Route 9 is a highway pursuant to the definition found in General Statutes Sec. 14-1 (34). Route 9 is a public highway under the control of the state or any political subdivision of the state, dedicated, appropriated or opened to public travel or other use. Further, it is not in dispute that the decedent suffered fatal injuries when he was struck by a dump truck driven by the defendant Scacciaferro while standing in the easternmost southbound travel lane of Route 9.
The easternmost southbound lane of Route 9 status as a highway was not so substantially altered by its use as a construction traffic lane so as to deprive it of its essential character as a highway. By the very nature of the allegations, that is, that the decedent was struck by a dump truck utilizing the traffic lane, indicates that the easternmost southbound lane was being used in some capacity for "public travel" or for some "other use" as provided for in General Statutes Sec. 14-1 (34).
The plaintiff's allegation that the accident occurred in an area which was a "posted construction site" only indicates that the lane was being used for another "use" at the time, and it does not indicate that it lost its status as a public highway under the control of the state or any political subdivision of the state. Nor does the allegation that the lane was "closed to traffic" preclude the lane from remaining a "highway" pursuant to General Statutes Sec.14-1 (34). As stated, a public highway is any state or other public highway, "or place", . . . "under the control of the state dedicated, appropriated or opened to public travel or other use." It clearly was a "place" under the control of the state and its "other use" was that a construction traffic lane. Therefore, it was a "highway" pursuant to General Statutes Sec. 14-1 (34).
Moreover, General Statutes Secs. 14-218a and 14-222, which the plaintiff has asserted that the defendants have violated, involve prohibitions on traveling unreasonably fast and CT Page 7744 recklessly on public highways. Having determined that the easternmost southbound lane of Route 9 was, at the very least, a "place" under the control of the state used as a construction traffic lane, the restructions [restrictions] embodied in General Statutes Secs. 14-218a and 14-222 cannot be deemed inapplicable because of such a use. To the contrary, traffic involving heavy construction equipment with limited visibility in an area where workers are likely to encroach upon the travel lanes of the highway involve safety concerns most appropriately addressed by General Statutes Secs. 14-218a and 14-222.
Therefore, the motion to stikes counts five, six, eleven and twelve is denied.
 II. Paragraphs 5(f) and (g) of the first count, paragraphs 7(f) and (g) of the second count, paragraphs 5(a) and (b) of the third count, 7(f) and (g) of the eight count, paragraphs 7(a) and (b) of the ninth count, and paragraph 7(b) of the tenth count.
The plaintiff argues that motion to strike must fail as to the individual paragraphs because they are not the subject of a motion to strike unless they state an entire cause of action. The plaintiff argues, that as pleaded, the conduct of the defendants involved both a breach of common law and statutory standards of care. The plaintiff argues that when the conduct alleged involves a breach of a common law duty or a violation of one or more statutes or both there is but one cause of action. The plaintiff claims that the statutory violations that the defendant moves to strike are within a single cause of action are not causes of action by themselves.
As stated, an individual paragraph contained in a complaint are not the proper subject of a motion to strike unless it embodies an entire cause of action. Supra, Depray, 691.
Paragraphs 5(f) and (g) of the first count, paragraphs 7(f) and (g) of the second count and 7(f) and (g) of the eight count assert violations of General Statutes Sec. 14-98a and49 C.F.R. § 396.17 respectively. The plaintiff alleges that the defendants violated General Statutes Sec. 14-98a by operating a vehicle with tires in an unsafe condition. The plaintiff alleges that the defendants violated 49 C.F.R. § 396.17 by failing to have said motor vehicle properly inspected. All CT Page 7745 three counts are actions by the plaintiff, both as administratrix of the decedent's estate and individually, for negligence against the defendants Scacciaferro and Appleby and Cutone.
To the extent that plaintiff has alleged a violation of the above statutes, such allegations are merely elements to the larger cause of action for negligence embodied in each count. Violations of such statutes do not embody an entire cause of action by themselves as alleged in this action. Therefore, the defendants motion to strike those counts is improper and is not granted.
Paragraphs 5(a) and (b) of the third count and paragraphs 7(a) and (b) of the ninth count allege violations of49 C.F.R. § 396.3 and 29 C.F.R. § 1926-601b3 respectively. The plaintiff alleges that the defendants violated49 C.F.R. § 396.3 by operating a vehicle which had a gross vehicle weight in excess of ten thousand pounds, with three defective brakes. The plaintiff alleges that the defendants violated29 C.F.R. § 1926-601b3 by operating a vehicle without a back up warning devise installed. Both the third and ninth counts are actions for willful and wanton misconduct brought by the plaintiff, as administratrix of the decedent's estate and individually, against the defendant Scacciaferro.
While the violation of such statutes may be an indication of willful and wanton conduct, they do not, in of themselves, constitute entire causes of action as plead. Rather, they are elements to the larger cause of action, willful and wanton misconduct, embodied in the entire third and ninth counts. The motion to strike paragraphs 5(a) and (b) of the third count and paragraphs 7(a) and (b) of the ninth count is improper and is denied.
Paragraph 7(b) of the tenth count alleges a violation of 29 C.F.R. § 1926-601b3. The tenth count is an action for willful and wanton misconduct brought by the plaintiff, individually, against the defendant Appleby and Cutone. As stated above, a motion to strike this paragraph is improper because, as alleged, the violation of 29 C.F.R. § 1926-601b3 does not embody an entire cause of action subject to a motion to strike but rather is only an element of the plaintiff's cause of action for willful and wanton conduct. CT Page 7746
Therefore, to the extent that the defendant's motion seeks to strike paragraphs 5(f) and (g) of the first count, paragraphs 7(f) and (g) of the second count, paragraphs 5(a) and (b) of the third count, 7(f) and (g) of the eight count, paragraphs 7(a) and (b) of the ninth count, and paragraph 7(b) of the tenth count, it is improper and is denied.
HIGGINS, J.