[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The facts as alleged in the amended complaint are as follows. In June of 1991, the plaintiff, Kathy Racine ["Racine"], lived with her minor children, Cory, Sabrina, Chevy and Harley, at 3 Mohegan Street in Putnam, Connecticut. The premises was owned by the defendants, Edward and Ann Kelly [the "Kellys"]. In the summer of 1991, the defendants demolished two sheds containing lead-based paint located at the premises. On September 18, 1991, the minor children received blood serum lead screens, which revealed elevated blood lead levels.
On November 18, 1992, the plaintiffs, Racine, individually and on behalf of her minor children, filed a three-count complaint against the defendants, the Kellys. Thereafter, the plaintiff filed an amended five-count complaint on December 30, 1992. The first and third counts are brought on behalf of the minor children and are claims for negligence and negligence per se, respectively.
The second and fourth counts are brought by the plaintiff individually and seek to recover past, present and future educational expenses for the minor children. In addition, the plaintiff alleges claims of bystander emotional distress in the second and fourth counts. The fifth count alleges violations of the Connecticut Unfair Trade Practices Act.
On May 18, 1993, the defendants filed a motion to strike the second and fourth counts of the amended complaint, along with a memorandum in support thereof. On July 1, 1993, the plaintiffs filed a memorandum of law in opposition to the defendants' motion CT Page 10967 to strike.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Id. "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros. Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990).
The court must construe the pleading "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegations of the pleading would not support a cause of action, the motion to strike must be granted. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
The defendants move to strike the second count in its entirety on the grounds that (1) it is duplicative of the first count, (2) the plaintiff has failed to sufficiently allege a claim for recovery of educational expenses, and (3) the claim for bystander emotional distress is legally insufficient. In the alternative, the defendant moves to strike paragraph 15 of the second count which contains the plaintiff's claim of bystander emotional distress.
The defendants first assert that the plaintiff's claim for recovery of educational costs which she has incurred and will continue to incur is legally insufficient in that it is repetitive of the minor plaintiff's claim in the first count. A motion to strike, however, is not the proper vehicle for the deletion of repetitious pleadings. Valley View Enterprises, Inc. v. The Connecticut Indemnity Company, Superior Court, judicial district of New London at New London, Docket No. 522634 (April 20, 1993, O'Connell, J.). A request to revise is the proper vehicle for the deletion of repetitious pleadings. Practice Book 147.
The defendants' further assert that the plaintiff's claim for educational expenses is legally insufficient in that she has failed to allege any specific facts to support her claim. Specifically, the defendants assert that the plaintiff must allege that actual CT Page 10968 funds have been paid for the minor children's education. In other words, the defendants argue that allegations of future expenses are insufficient and only allegations which would support a present obligation are sufficient.
In their memorandum in support of their motion to strike, the defendants fail to cite any legal authority in support of their argument that allegations of future educational expenses are legally insufficient. The Practice Book requires that a motion to strike be accompanied by a memorandum of law citing the legal authority upon which the motion relies. See Practice Book 155, 204.
Notwithstanding this shortcoming, on the merits the defendants' argument must fail. It is well established under Connecticut law that a plaintiff may recover for future damages and, specifically, future educational expenses. See Wood v. Bridgeport, 216 Conn. 604, 583 A.2d 124 (1990); Healy v. White,173 Conn. 438, 378 A.2d 540 (1977). The plaintiff alleges that as a result of the defendants' negligence she "has incurred and will continue to incur costs associated with providing for suitable educations for her minor children." (Plaintiff's Complaint, Count 2, 14). The plaintiff has alleged sufficient facts to support a cause of action for recovery of future educational expenses.
If a count in a complaint purports to allege more than one cause of action, a motion to strike the count in its entirety must fail if at least one of the alleged causes of action is legally sufficient. Johnson v. Town of Killingworth, 8 Conn. L. Rptr. 227, 228 (January 19, 1993, Walsh, J.), citing Watchel v. Rosol,159 Conn. 496, 499, 271 A.2d 84 (1970). Since the court has found that the plaintiff's claim for recovery of future educational expenses is legally sufficient, the defendants' motion to strike the second count in its entirety is denied.
In the alternative, the defendants move to strike paragraph 15 of the second count only. "Although a motion to strike ordinarily attacks the legal sufficiency of an entire complaint, count or counterclaim, one or more paragraphs of a complaint or count maybe attacked if a separate cause of action is attempted to be stated therein." (Emphasis in original.) Bourguin v. Melsungen,2 Conn. L. Rptr. 372, 373 (September 4, 1990, Miano, J.); see also Donovan v. Davis, 85 Conn. 394, 397-98 (1912); Martinez v. Hartford Hospital, 4 Conn. L. Rptr. 57, 60 (May 21, 1991, Hennessey, J.); Ahsan v. Olsen, 3 CSCR 55, 55 (November 9, 1987, Wagner, J.); CT Page 10969 Depray v. St. Francis Hospital, 2 CSCR 691, 691 (June 9, 1987, Dorsey, J.); Shrader v. Rosenblatt, 26 Conn. Sup. 182, 183
(Super. Ct. 1965).
The defendants first assert that paragraph 15 should be stricken on the ground that no cause of action for bystander emotional distress exists under Connecticut law. There is a split of authority in the superior courts as to whether bystander emotional distress is a cognizable cause of action in Connecticut.
While a number of Superior Court decisions have interpreted Connecticut caselaw to allow recovery for bystander emotional distress; see, e.g., Alderfer v. Scarveles, 9 Conn. L. Rptr. 86, 86 (May 11[,] 1993, Dorsey, J.); Finley v. Masiello Bus Co.,8 Conn. L. Rptr. 1, 2 (November 24, 1992, Rush, J.); Doe v. Shop-Rite Supermarkets, 7 Conn. L. Rptr. 330, 330 (September 15, 1992, Leuba, J.); Granger v. Marriott Corp., 7 CSCR 375, 375-76 (February 27, 1992, Hennessey, J.); Stoughton v. Sabolcik, 5 Conn. L. Rptr. 502, 503-04 (January 24, 1992, Pickett, J.); Short v. State,4 Conn. L. Rptr. 77, 79 (May 13, 1991, Schimelman, J.); Salvadori v. Rivera,4 Conn. L. Rptr. 16, 16 (May 2, 1991, Lewis, J.); Robson v. Schoenster, 3 Conn. L. Rptr. 275, 277 (February 21, 1991, Ryan, J.); LeMoine v. Soboleski, 2 Conn. L. Rptr. 569, 570 (October 4, 1990, O'Keefe, J.); Buynovsky v. Ford Motor Co.,1 Conn. L. Rptr. 542, 543-44 (April 23, 1990, Maioco, J.); Glendening v. Weis,41 Conn. Sup. 165, 560 A.2d 995 (1988, Hammer, J.); other superior court decisions have ruled that there is no cause of action in Connecticut for bystander emotional distress. See, e.g., Silva v. Carlson, 5 Conn. L. Rptr. 433, 434 (January 9, 1992, Mihalakos, J.); Messina v. Vellafonck, 5 Conn. L. Rptr. 329, 330 (December 11, 1991, Gray, J.); Carter v. Shaw, 5 Conn. L. Rptr. 248, 249 (November 25, 1991, Fracasse, J.); Uricheck v. Amazing Stores, Inc., 4 Conn. L. Rptr. 320, 320 (July 16, 1991, Murray, J.), Domek v. Pitegoff, 3 Conn. L. Rptr. 652, 654 (January 17, 1991, Schaller, J.); Belanger v. Glastonbury, 3 Conn. L. Rptr. 478, 480 (April 22, 1991, Freed, J.); Seymour v. Patterson, 2 Conn. L. Rptr. 711, 711-12 (November 8, 1990, Freed, J.).
The appellate cases in Connecticut which address the issue of whether bystander emotional distress is a cognizable cause of action are Strazza v. McKittrick, 146 Conn. 714, 156 A.2d 149
(1959), Amodio v. Cunningham, 182 Conn. 80, 438 A.2d 6 (1980), and Maloney v. Conroy, 208 Conn. 392, 545 A.2d 1059 (1988). In Strazza v. McKittrick, supra, the court held that although a plaintiff may recover for emotional distress resulting from fear of injury to CT Page 10970 oneself, a plaintiff may not recover for emotional distress resulting from the sight of injury or threatened harm to another. Id., 718-19.
In Amodio v. Cunningham, supra, the court recognized the "divergence of opinion among the jurisdictions regarding their recognition of a cause of action for emotional distress to a bystander arising from witnessing the negligently inflicted injury of another." Id., 84. The court discussed the three prong test of a bystander emotional distress claim as set forth in the California case of Dillon v. Legg, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912
(1968). "However, the court did not explicitly adopt Dillon and stated that `even were we inclined to adopt the approach taken in Dillon and the cases relying thereon, the complaint in the present case would nonetheless fail to state a cognizable cause of action.'" Granger v. Marriott Corp., supra, 375-76, quoting Amodio v. Cunningham, supra, 92.
In Maloney v. Conroy, supra, the court held that "we are not inclined to follow the lead of the California courts in allowing a bystander to recover for emotional disturbance resulting from malpractice . . . ." Id., 397. The court went on to state that "[w]hatever maybe the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza . . . ." Id., 402.
Those courts which have held that no cause of action for bystander emotional distress exists in Connecticut have relied upon Maloney v. Conroy, supra, in which the court expressly rejected recovery for bystander emotional distress in the context of medical malpractice actions and stated that it would no longer continue its "dalliance" with Dillon. Id., 402. The courts, therefore, have reasoned that the Connecticut Supreme Court continues to adopt its holding in Strazza v. McKittrick, supra, that "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." (Citations omitted.) Id., 719. Accordingly, the defendants' motion to strike paragraph 15 of the second count on the ground that bystander emotional distress is not recognized in Connecticut is granted.
The defendants move to strike the fourth count in its entirety on the ground that it is duplicative of the second count. As noted herein, a motion to strike is not the proper vehicle for the CT Page 10971 deletion of repetitious pleadings. Valley View Enterprises, Inc. v. The Connecticut Indemnity Company, supra. Rather, a request to revise is the proper vehicle for the deletion of repetitious pleadings. Practice Book 147.
In addition, the defendants move to strike paragraph 15 of the fourth count on the ground that General Statutes 47a-4 does not authorize a private right of action. However, paragraph 15 also alleges a legally sufficient claim for recovery of future educational expenses. Although an individual paragraph of a count may be the proper subject of a motion to strike where a separate cause of action is attempted to be stated therein; Bourguin v. Melsungen, supra, 722; if any allegation contained in that paragraph is legally sufficient to state a claim, the motion to strike should be denied. See Shrader v. Rosenblatt, supra, 183; Ahsan v. Olsen, supra.
Since the court has found that paragraph 15 sufficiently alleges a claim for recovery of future educational expenses, the defendants' motion to strike paragraph 15 of the fourth count is denied.
Finally, the defendants move to strike paragraph 16 of the fourth count which alleges a claim of bystander emotional distress. The defendants' motion to strike paragraph 16 of the fourth count is granted for the same reasons as discussed herein with respect to paragraph 15 of the second count.
In conclusion, the defendants' motion to strike the second and fourth counts in their entirety and paragraph 15 of the fourth count is denied because the plaintiff has sufficiently alleged a claim for recovery of future educational expenses. Since bystander emotional distress is not a cognizable cause of action in Connecticut, the defendants' motion to strike paragraph 15 of the second count and paragraph 16 of the fourth count is granted.
Sklarz Early for plaintiffs.
Regnier, Taylor, Curran Eddy for defendants. CT Page 10972