[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #130
This matter originated with the plaintiff Robert Merry filing a three count complaint against the City of Norwalk ("City") and Environmental Waste Resources Inc. ("EWR") seeking recovery for injuries arising out of a slip and fall accident which occurred at an employee parking lot on April 17, 1991. The plaintiff, Merry, with the courts permission, cited in additional defendants, raising CT Page 11387 the total number of defendants to six. The plaintiff, filed a seven count amended complaint, setting forth in separate counts, claims of nuisance against the City, negligence against individual City employees, negligence against Thomas Piro Sons, Inc. ("TPS"), and products liability claims against Chapin and Bangs Company ("CBC"), and EWR.
The employer, Boiler Repair, filed a one count intervening complaint seeking reimbursement for workers compensation benefits paid to the plaintiff. The defendant CBC has moved to strike the intervening complaint on the grounds that an employer cannot intervene in a product liability action brought by its employee. Connecticut General Statutes 52-572r.
The intervening plaintiff, Boiler Repair, has objected, citing P.A. 93-288 as having repealed Connecticut General Statutes52-572r effective July 1, 1993, which admittedly is subsequent to the accrual of this cause of action.
The remaining defendants have not joined in CBC's motion to strike or filed separate motions.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988); Practice Book 152(1). In determining the sufficiency of the pleading, "[t]he trial court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 283,449 A.2d 986 (1982). All well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 91988). One or more paragraphs of a complaint or count may be attacked only when a separate cause of action is attempted to be stated therein. Jaramillo v. Adis, 8 CSCR 660 (May 5, 1993, Ballen, J.), citing Donovan v. Davis, 85 Conn. 394, 397,82 A. 1025 (1912); Schrader v. Rosenblatt, 26 Conn. Sup. 182
(Super.Ct. 1965).
CBC argues in its memorandum of law that the court should strike the intervening employer's complaint in its entirety. Specifically, CBC argues that Boiler Repair, as an employer, is barred from intervening in a product liability action pursuant to General Statutes 52-572r. Although P.A. 93-288 repealed General Statutes 52-572r effective July 1, 1993, CBC argues that the CT Page 11388 repeal of this statute should not be applied retroactively because it would affect its substantive rights.
In response, Boiler Repair argues that it has the right to intervene in this action because General Statutes 52-572r is a procedural statute. Boiler Repair argues that the repeal of a procedural statute should apply retroactively to all matters. Therefore, Boiler Repair urges the court to deny the motion to strike.
General Statutes 31-293(a) "specifically grants an employer who has paid workers' compensation benefits to an employee the right to join as a party plaintiff in the employee's actions against third-party tortfeasors." (Citations omitted.) Gurliacci v. Mayer, 218 Conn. 531, 590 A.2d 914 (1991). General Statutes31-293(a), which deals with the liability of third persons to an employer and an employee, provides in pertinent part:
 If either the employee or the employer brings an action against the third person, he shall forthwith notify the other, in writing, by personal representation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such person shall abate.
It is true that until the passage of P.A. 93-288, an employer was barred from intervening in a product liability claim. See General Statutes 52-572r. However, in light of the form of the pleadings, this court need not reach the issue of whether the repeal is retroactive. Even assuming arguendo that Boiler Repair is barred from intervening with respect to the product liability claim involving CBC, CBC's motion to strike must be denied.
In the present case, Boiler Repair, by filing a one count intervening complaint in this action directed against all the defendants, seeks reimbursement for workers' compensation benefits paid from all the defendants. Boiler Repair did not file an intervening complaint with separate counts each directed at an individual defendant. Practice Book 138. CT Page 11389
It is clear that the plaintiff Merry has alleged more than the product liability claim against CBC in his seven count complaint. In fact the plaintiff's complaint contains various theories of recovery against other defendants, including claims of negligence. hence, to allow CBC's motion to strike the entire intervening complaint would be improper, as its application would necessarily extend to the rights and/or obligations of other parties which should not be affected by this motion.
"[T]he proper way to cure any confusion . . . is [for the defendant] to file a [request] to revise, not a motion to strike the entire [intervening] complaint." Rowe v. Godou, 209 Conn. 273,279, 550 A.2d 1073 (1988); see Practice Book 147(3). "If a request to revise had been granted and complied with, the defendants would then have been in a position to move to strike any count of the . . . [intervening] complaint pertaining to their respective liabilities . . ." Rowe v. Godou, supra, 279; see Practice Book 152(1). Accordingly, the court must deny CBC's motion to strike Boiler Repair's intervening complaint. It is so ordered.
MAIOCCO, JUDGE