[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE CROSSCLAIM NO. 107
The plaintiff, A. C. Nielsen Company, brings this action to recover for property damage that allegedly occurred as a result of a fire. Named as defendants are Connecticut Mutual Insurance Company (CMIC), General Electric Capital Corporation (GECC), and Wang Laboratories, Inc. (Wang).
The plaintiff and GECC both leased office space from CMIC. The plaintiff alleges that on April 8, 1992, a fire occurred in the space leased and occupied by GECC. The plaintiff alleges that the fire was caused by a dangerous and defective computer manufactured and distributed by Wang. The plaintiff alleges that the fire caused a sprinkler system in GECC's space to activate and discharge a large quantity of water which then spread from GECC's space into the plaintiff's space, causing extensive water damage to the plaintiff's property.
On August 5, 1994, CMIC filed a four count crossclaim against GECC and Wang. The first three counts assert claims against GECC and are not relevant for purposes of deciding the motion pending before the court. In the fourth count, CMIC asserts a claim against Wang pursuant to the Product Liability CT Page 10173 Act, General Statutes § 52-572m et seq., and a claim for common law indemnification.
On August 12, 1994, Wang filed a motion to strike the fourth count of CMIC's crossclaim. Wang argues that the fourth count is legally insufficient because CMIC fails to allege the existence of an independent legal relationship with Wang. CMIC filed a memorandum in opposition dated August 29, 1994. CMIC contends that it has alleged a legally sufficient claim pursuant to the Product Liability Act in the fourth count of its counterclaim.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, . . . or any one or more counts thereof, to state a claim upon which relief may be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(1);Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike admits all well-pleaded facts; Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985); which must be construed in the light most favorable to the pleader.Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,215, 618 A.2d 25 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 496, 605 A.2d 862 (1992).
In construing the crossclaim in the light most favorable to CMIC, the fourth count states both a claim pursuant to the Product Liability Act (paragraphs 1 through 4) and a claim for common law indemnification based on allegations of active-passive negligence (paragraphs 5 through 8). In the present case, Wang seeks to strike only the indemnification claim, and does not challenge the legal sufficiency of CMIC's product liability claim. Thus, Wang is seeking to strike individual paragraphs contained in the fourth count of the crossclaim.
"`A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated, and then only by [a motion to strike].'" The GroveCorporation v. Tinty, 3 Conn. L. Rptr. 647, 649 (January 4, 1991, Hennessey, J.), quoting Donovan v. Davis, 85 Conn. 394,397, 82 A. 1025 (1912). "A motion to strike a single paragraph is technically improper when the paragraph does not purport to CT Page 10174 state a cause of action." Michaud v. St. Mary's Hospital,4 Conn. L. Rptr. 442, 443 (August 21, 1991, Byrne, J.), citingSchrader v. Rosenblatt, 26 Conn. Sup. 182, 183, 216 A.2d 451
(Superior Court 1965). See also Northrop v. Town of Clinton,14 Conn. Sup. 28, 31 (Superior Court 1946).
Upon review of the entire fourth count, paragraphs 5 through 8 do not, by themselves, state a cause of action for indemnification. While these paragraphs set out some of the elements of a claim for common law indemnification; see Burkertv. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26
(1990); CMIC's claim for indemnification is dependent on the factual allegations stated in the other paragraphs of the fourth count. These other paragraphs set out a legally sufficient claim pursuant to the Product Liability Act, and therefore, cannot be stricken.
Accordingly, the court denies Wang's motion to strike on the ground that a motion to strike cannot be used to challenge the legal sufficiency of individual paragraphs that do not, in and of themselves, set out an entire cause of action.
MAIOCCO, J.