[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#105)
The Plaintiff Gregory B. Smith has brought this action against the Defendant Trinity College, claiming damages for the failure of the Defendant to promote him from the status of associate professor to that of full professor. The Revised Complaint, dated April 19, 2000, is in two counts. Count I, entitled "Breach of Contract," claims a breach of contract by the Defendant based on the criteria set forth in its Faculty Manual and on representations of its agents. Count II, entitled "Negligent Misrepresentation, ' claims negligent misrepresentations made by Defendant's agents regarding promotion to full professor.
The Plaintiff claims as relief, inter alia, attorney fees and emotional distress damages for the alleged negligent misrepresentations. The Defendant has moved to strike these two claims for relief.
A motion to strike is the proper vehicle to contest the legal sufficiency of the allegations of any complaint, counterclaim or cross-complaint, or of any prayer for relief therein. Practice Book § 10-39. A motion to strike admits all well pleaded allegations and those facts necessarily implied therefrom. Amodio v. Cunningham,182 Conn. 80, 82-83 (1980). "If the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail." Ferryman v. Groton, 212 Conn. 138, 142 (1989). Only the grounds specified in the motion may be considered. Meredith v. Police Commission,182 Conn. 138, 140 (1980). Mere conclusions of law, absent supporting factual allegations, are insufficient. Cavallo v. Derby Savings Bank,188 Conn. 281, 285-86 (1982).
The subject claims for relief relate to the allegations of Count II of the Revised Complaint. The motion to strike relating to these two claims will be considered in order.
 I. Emotional Distress Claim
Plaintiff's claim for emotional distress damages is not set forth in the Prayer for Relief, but instead appears only in Paragraph 33 of Count II. This paragraph consists of two sentences. The first sentence claims monetary damages including, but not limited to, the difference in wages and benefits between that pertaining to Plaintiff's current position and that pertaining to a full professor. The second sentence sets forth the emotional distress claim.
Prior to the 1978 Practice Book revision, a motion to strike (or its demurrer predecessor) individual portions or paragraphs of a count did not lie if the count as a whole stated a cause of action. See, e.g.,Schrader v. Rosenblatt, 26 Conn. Sup. 182, 183 (1965). Arguably under the present rules, a motion to strike may properly lie with respect to an CT Page 11018 individual paragraph in a count. See, e.g., Nordling v. Harris, Superior Court, judicial district of Fairfield, Docket No. 329660 (August 7, 1996, Levin, J.) (17 Conn.L.Rptr. 296, 298 n. 1). However, the weight of authority in the Superior Court is that the motion does not lie, except possibly where the subject paragraph attempts to state a cause of action. See, e.g., Zimmerman v. Connecticut College, et al., Superior Court, judicial district of New London, Docket No. 544623 (July 2, 1998, Handy, J.); Larson v. BB Realty, Superior Court, judicial district of Danbury, Docket No. 324087 (April 6, 1998, Moraghan, J.) (21 Conn.L.Rptr. 627);Bombard v. Industry Riggers, Inc., Superior Court, judicial district of Waterbury, Docket No. 140181 (January 5, 1998, Pellegrino, J.).
In this case, the Defendant does not seek to strike an entire paragraph, but in effect only the claim in the second sentence of Paragraph 33 respecting emotional distress damages. There is no authority for the use of a motion to strike for this limited purpose. Accordingly, the motion to strike regarding this claim is denied.
 II. Attorney Fees Claim
Unlike the foregoing emotional distress claim, Plaintiff's claim for attorney fees is set forth in Paragraph 3 of the Prayer for Relief. As a general rule, known as the "American rule," attorney's fees are not allowed absent statutory authority or contractual provision. Marsh, Day Calhoun v. Solomon, 204 Conn. 639, 652 (1987). No such statutory authority or contractual provision is alleged. Notwithstanding the foregoing rule, however, attorney's fees may be awarded as a component of punitive damages upon evidence revealing "a reckless indifference to the rights of others or an intentional and wanton violation of those rights."West Haven v. Hartford Ins. Co., 221 Conn. 149, 160 (1992).
Plaintiff bases his attorney's fees claim on Paragraph 32 of Count II of the Revised Complaint. That Paragraph reads as follows:
 32. Trinity's conduct exhibited a reckless indifference to Dr. Smith's right to be granted promotion upon satisfaction of the standards articulated in the Faculty Manual and by Trinity's agents.
Count II is entitled "Negligent Misrepresentation." Its factual allegations and damages claim explicitly refer to negligent misrepresentation. Paragraph 30 specifically alleges that "Trinity's actions constitute a negligent misrepresentation. . . ." Paragraph 31 alleges that "Trinity's negligent misrepresentation has been continuous CT Page 11019 in nature. . . ." The damages claims alleged in Paragraph 33, previously referred to, specifically ascribe these damages to be "[a]s a result of Trinity's negligent misrepresentations. . . ." The Revised Complaint is devoid of any specific factual allegations of reckless conduct or of any reference at all to "reckless indifference" other than the use of those words in Paragraph 32 of Count II.
Recklessness is more than negligence or gross negligence. Dubay v.Irish, 207 Conn. 518, 532 (1988). "There is a wide difference between negligence and a reckless disregard of the rights and safety of others. . . . Simply using the word "reckless or recklessness' is not enough."Dumond v. Denehy, 145 Conn. 88, 91 (1958). Count II sounds in negligence. "Where the complaint is one sounding in negligence, merely labeling the conduct complained of as "reckless' or "wanton' is not sufficient to make it so." Kostiuk v. Queally, 159 Conn. 91, 94-95
(1970).
Paragraph 32 is merely conclusory, and does not suffice to change the import of Count II as one sounding in negligence. The motion to strike the claim for attorney fees set forth in Paragraph 3 of the Prayer for Relief is granted.
David L. Fineberg Superior Court Judge