[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The Plaintiff, James Cantoni, has brought this action in one count alleging violation by the Defendant, Xerox Corporation, of rights afforded to him under the Connecticut Fair Employment Practices Act, General Statutes § 46a-51 et seq. The Defendant has moved to strike certain portions of the complaint and prayer for relief therein on the ground that they fail to state a claim upon which relief can be granted. A motion to strike is the proper motion for this purpose.
The Defendant first moves to strike the claim under General Statutes § 46a-58 (a) on the ground that this section provides no basis for claims of discriminatory employment practices that fall within the scope of General Statutes §46a-60, citing Commission on Human Rights Opportunities v.Truelove Maclean Inc., 238 Conn. 337, 348 (1996). The only reference in the complaint to § 46a-58 (a) is in Paragraph 20 of the complaint. That paragraph reads as follows:
 20. The actions of the defendant described above violated Sections 46a-58 (a), 46a-60 (a)(1) and (sic) 46A-60(A)(4) of the Connecticut General Statutes.
It is conceded that § 46a-60 (a) provides a basis for this action.
Prior to the 1978 Practice Book revision, a motion to strike (or its demurrer predecessor) individual portions or paragraphs of a count did not lie if the count as a whole stated a cause of action. See, e.g., Schrader v. Rosenblatt, 26 Conn. Sup. 182, 183
CT Page 1309 (1965). Arguably under the present rules, a motion to strike may properly lie with respect to an individual paragraph in a count. See, e.g., Nordling v. Harris, Superior Court, judicial district of Fairfield, Docket No. 329660 (August 7, 1996) (Levin, J.) 17 CONN. L,. RPTR. 296, 298 fn. 1. However, the weight of authority in the Superior Court is that the motion does not lie, except possibly where the subject paragraph attempts to state a cause of action. See, e.g.: Zimmerrnan v. Connecticut College, et al,
Superior Court, judicial district of New London, Docket No. 544623 (July 2, 1998) (Handy, J.); Larson v. BB Realty, Superior Court, judicial district of Danbury, Docket No. 324087 (April 6, 1998) (Monaghan, J., 21 CONN. L. RPTR. 627); Bombard v. Industry Riggerrs,Inc., Superior Court, judicial district of Waterbury, Docket No. 140181, (January 5, 1998) (Pellegrino, J.).
In this case, the Defendant does not seek to strike an entire paragraph, but in effect only the reference in Paragraph 20 to § 46a-58 (a). There is no authority for the use of a motion to strike for this limited purpose.
By its reference to § 46a-60, Paragraph 20 does state a claim upon which relief can be granted.
The Defendant next moves to strike Plaintiff's request for punitive and emotional distress damages on the ground that such damages are not available under General Statutes § 46a-104. Section 46a-100 provides that any person who has obtained a release from the CHRO as provided in § 46a-101 may bring an action in the Superior Court. This action has been timely brought, the release having issued.
Section 46a-104 reads as follows:
 The court may grant a complainant in an action brought in accordance with section 46a-100 such legal and equitable relief which it deems appropriate including, but not limited to, temporary or permanent injunctive relief, attorney's fees and court costs. (Emphasis added.)
A suit brought under § 46a-100/101 clearly affords the complainant greater relief than that available before the CHRO.Angelsea Productions, Inc., v. Commission on Human Rights Opportunities, 236 Conn. 681, 699 (1996). There is no restriction in § 46a-104 against an award of damages for emotional CT Page 1310 distress or punitive damages. By use of the word "including", the section in effect authorizes such damages as are available in a civil action.
The motion to strike is denied.
______________________ David L. Fineberg Superior Court Judge