[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
 I. FACTS
The plaintiff filed a one-count complaint on July 16, 1998, seeking damages as a result of the defendant's conduct in allegedly undertaking to represent the plaintiff in her medical malpractice action, and later refusal to represent the plaintiff. The plaintiff seeks damages under the Connecticut Unfair Trade Practice Act (CUTPA), General Statutes § 42-110a, et seq.
The defendant filed a motion for summary judgment on January 20, 1999, on the grounds that (i) the plaintiff fails to state a legally sufficient CUTPA claim; and (ii) the plaintiff's claim for emotional distress is barred by the statute of limitations. The plaintiff filed a memorandum in opposition on March 17, 1999, and the court heard oral argument at short calendar on March 22, 1999.
 II. DISCUSSION
Because the defendant's motion essentially attacks the legal sufficiency of the plaintiff's complaint, this court will treat the present motion as a motion to strike.[1] "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.)Peter-Michael. Inc. v. Sea Shell Associates244 Conn. 269, 270-71, 709 A.2d 558 (1998). CT Page 6283
 A. CUTPA
The defendant argues that the complaint is legally insufficient because CUTPA does not apply to actions against lawyers for their alleged professional negligence or malpractice. In response, the plaintiff argues that its cause of action under CUTPA is not based on the defendant's legal malpractice, but rather on the defendant's business conduct in agreeing to provide representation in her medical malpractice action, and subsequent disavowal of that obligation.
"The purpose of CUTPA is to protect the public from unfair practices in the conduct of any trade or commerce, and whether a practice is unfair depends upon the finding of a violation of an identifiable public policy." (Internal quotation marks omitted.)Willow Springs Condominium Assn., Inc. v. Seventh BRT DevelopmentCorp., 245 Conn. 1, 42, 717 A.2d 77 (1998). "[P]rofessional negligence — that is, malpractice — does not fall under CUTPA. . . . CUTPA covers only the entrepreneurial or commercial aspects of the profession of law. The noncommercial aspects of lawyering — that is, the representation of the client in a legal capacity — should be excluded for public policy reasons." (Citations omitted; internal quotation marks omitted.) Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 34-35,699 A.2d 964 (1997); see also Beverly Hills Concepts Inc. v.Schatz Schatz, Ribicoff Kotkin, 247 Conn. 48, 79,717 A.2d 724 (1998) ("professional malpractice does not give rise to a cause of action under CUTPA").
This court, therefore, must "look to the underlying nature of the [plaintiff's] claim to determine whether it is really a [professional negligence] claim recast as a CUTPA claim." Id., 38. "In short, it is the underlying conduct — not the label or characterization attached to the conduct — that determines the viability of a CUTPA claim. If the facts show nothing more than professional negligence, the decisions inHaynes and Beverly Hills Concepts strongly suggest that efforts to characterize the malpractice as having` entrepreneurial or commercial' aspects for CUTPA purposes will be unavailing." R. Langer, M. Kravitz D. Klau, "CUTPA Liability and Professional Negligence: Recent Developments in the Law," 9 Conn. Lawyer 4, 7 (No. 4, December 1998/ January 1999).
In the present case, the plaintiff alleges that on July 6, 1995, the parties signed an agreement whereby the defendant would CT Page 6284 serve as her attorney for a medical malpractice action. The defendant, through various subsequent written and oral communications, allegedly represented its "intent to file suit on her behalf in pursuit of plaintiff's claim of medical malpractice." Complaint ¶ 29. In reliance upon the defendant's assurances, the plaintiff allegedly terminated her previous counsel. The plaintiff allegedly received assurances from the defendant between August and November, 1995 that "progress was being made on her file." Complaint ¶ 17. On November 10, 1995, the defendant allegedly petitioned the Superior Court to extend the statute of limitations for the filing of plaintiff's lawsuit. On November 21, 1995, the defendant allegedly told the plaintiff that it "would not be filing a lawsuit on her behalf and would be returning her file." Complaint ¶ 21.
As a result of the defendant's conduct, the plaintiff claims she "was left without the services of any lawyer when it became necessary to prepare a legal complaint to file in court with less than ninety days left, . . . [and] experienced unnecessary and avoidable stress, interruption with her work, mental anguish, annoyance and inconvenience." Complaint ¶¶ 30,31. She alleges that the defendant mislead her into believing that the defendant would undertake representation and file suit on her behalf, when in actuality, the defendant "was not committed to filing suit on plaintiff's behalf, but was simply engaged in a medical records review of plaintiff's file." Complaint ¶ 32.
This court finds that the foregoing allegations address the entrepreneurial and/or commercial aspects of the defendant's practice of law. The defendant allegedly agreed to file suit on the plaintiff's behalf, and later reneged on that promise. The plaintiff's complaint describes the alleged unfair and deceptive manner in which the defendant allegedly disengaged itself from representing the plaintiff. These allegations do not attack the defendant's competence, strategy or professional ability as a lawyer. Rather, these allegations focus on the defendant's business process of engaging and disengaging from representation of the plaintiff as a customer of legal services.
Accordingly, the plaintiff's complaint does state a legally sufficient CUTPA claim, and the defendant's motion for summary judgment on this ground is denied.
 B. STATUTE OF LIMITATIONS
CT Page 6285
The defendant next argues that the plaintiff's claim for emotional distress is timebarred by the two-year statute of limitations for personal injury actions under General Statutes § 52-584.[2] The plaintiff argues in response that (i) the defendant has waived its right to raise the statute of limitations because it did not plead it as a special defense; (ii) this claim is merely an element of damages under her CUTPA claim, and cannot be stricken as it is a single paragraph within her CUTPA count; and (iii) CUTPA has a three-year statute of limitations which has not been exceeded.
Our Appellate Court has held that a defendant may file a motion for summary judgment prior to pleading the statute of limitations as a defense. "If a defendant chooses to postpone raising a time limitation as a bar to the plaintiff's cause of action by way of a special defense, in favor of obtaining an earlier disposition by way of summary judgment, we see no reason why he should not be allowed to do so." Girard v. Weiss,43 Conn. App. 397, 416, 682 A.2d 1078, cert. denied, 239 Conn. 946,686 A.2d 121 (1996). Similarly, the court can consider the statute of limitations on a motion to strike if it was not pleaded as a special defense "[i]f all of the facts pertinent to the statute of limitations are pleaded in the complaint and the parties agree that they are true." Id., 415, citing Forbes v. Ballaro31 Conn. App. 235, 624 A.2d 389 (1993).
Therefore, the defendant's motion for summary judgment on the ground of statute of limitations is properly before the court.
The plaintiff's complaint contains only one count, sounding in CUTPA, which consists of thirty-two paragraphs of factual allegations. The only paragraph relevant to the plaintiff's alleged emotional distress is paragraph thirty-one, which reads as follows: "Between November 21, 1995 and March, 1996, plaintiff suffered actual damage to her person because she experienced unnecessary and avoidable stress, interruption with her work, mental anguish, annoyance and inconvenience during the entire time she was seeking other counsel and representing herself in the preparation of a complaint involving a complex medical malpractice claim. The emotional distress suffered by plaintiff as a result of defendant's conduct commenced on November 21, 1995 and ended upon plaintiff's retention of other counsel to represent her in the medical malpractice action." Complaint ¶ 31.
"[T]he weight of authority in the Superior Court is that the CT Page 6286 motion [to strike] does not lie [with respect to individual paragraphs in a count], except possibly where the subject paragraph attempts to state a cause of action." Cantoni v. XeroxCorp. Superior Court, judicial district of Hartford, Docket No. 582705 (February 3, 1999, Fineberg, J.) (24 Conn. L. Rptr. 38). "[W]here individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs." (Internal quotation marks omitted.) Zimmermann v. Connecticut College,
Superior Court, judicial district of New London, Docket No. 544623 (July 2, 1998, Handy, J.).
This court finds that the allegations contained in paragraph thirty-one do not attempt to state a separate cause of action from the entire count. The plaintiff's allegations of emotional distress appear to be nothing more than additional facts comprising the "ascertainable loss" component of her underlying CUTPA cause of action.[3] Therefore, it is impermissible for the defendant to request summary judgment as to paragraph thirty-one.
Accordingly the defendant's motion for summary judgment on the ground of statute of limitations is denied.
 III. CONCLUSION
The plaintiff has alleged facts concerning entrepreneurial or commercial aspects of the defendant's practice of law which may constitute a violation of CUTPA. The plaintiff's allegations as to her emotional distress do not establish a distinct cause of action, and therefore, it is impermissible for the defendant to raise the statute of limitations as a bar to the plaintiff's action.
Accordingly, the court denies the defendant's motion for summary judgment.
D. Michael Hurley, Judge Trial Referee