[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#102)
 I FACTS
The plaintiff, Eric Panes, filed an appeal from the New London board of assessment appeals (the board) on June 27, 2000, alleging that the tax assessor of the defendant city of New London valued his pro party, located at 80 Admiral Drive in New London, at a value that was grossly excessive, disproportionate and unlawful. The plaintiff further alleges that the assessor's property valuation was grossly inconsistent with the valuation for the surrounding neighborhood properties. The plaintiff further alleges that the board acted in bad faith by failing to investigate the plaintiff's land value claims.
On August 25, 2000, the defendant filed a motion for extension of time, which the court granted on September 21, 2000. On September 7, 2000, the defendant filed a motion to strike paragraph ten of the complaint, paragraph four of the prayer for relief and a portion of paragraph three of the prayer for relief on the ground that a bad faith claim cannot be instituted in a tax appeal. Additionally, the defendant moves to strike paragraph four of the prayer for relief on the ground that the plaintiff is not entitled to attorney's fees under General Statutes § 12-117a. Finally, the defendant moves to strike paragraph two of the prayer for relief on the ground that the plaintiff is not CT Page 1248 entitled to reimbursement of overpayment of taxes in the year 1999 because the present appeal addresses only the plaintiff's October 1, 1999 revaluation.
As required by Practice Book § 10-42 (formerly § 155), the defendant filed a memorandum in support of its motion to strike, and the plaintiff timely filed a memorandum in opposition.
 II DISCUSSION
The purpose of a motion to strike is to challenge the legal sufficiency of a pleading. Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834
(2000). A motion to strike may also challenge any prayer for relief.Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). A motion imparting facts outside the pleadings is a "speaking motion to strike" and will not be granted. Doe v. Marselle,38 Conn. App. 360, 364 (1995), rev'd on other grounds, 236 Conn. 845
(1996). Generally, it is improper for a motion to strike to attack specific paragraphs or portions of paragraphs of a pleading. Cantoni v.Xerox Corp., Superior Court, judicial district of Hartford, Docket No. 582705 (February 3, 1999, Fineberg, J.) (24 Conn. L. Rptr. 38); Garciav. ITT Hartford Insurance Company, Superior Court, judicial district of Hartford, Docket No. 579974 (Dec. 8, 1998, Peck, J.) (23 Conn. L. Rptr. 450, 453 n. 1) ("[a]lthough there is a split of authority, most trial courts follow the rule that a single paragraph of a pleading is subject to a motion to strike only when it attempts to set forth all of the essential allegations of a cause of action or defense."); Cloutier v.Stop Shop Companies, Inc., Superior Court, judicial district of Middlesex, Docket No. 068409 (September 7, 1993, Higgins, J.) (8 C.S.C.R. 1000). One or more paragraphs of a complaint or count may be attacked only when a separate cause of action is attempted to be stated therein.Donovan v. Davis, 85 Conn. 394, 397, 82 A. 1025 (1912); Schrader v.Rosenblatt, 26 Conn. Sup. 182, 183, 216 A.2d 451 (1965).
The defendant argues in support of its motion to strike that "the plaintiff is barred from raising a claim of bad faith in a tax appeal" because "bad faith is a separate cause of action from the tax appeal." (Defendant's memorandum, p. 3). The defendant further argues that the procedure to appeal a tax assessment is a statutorily created cause of action and, as such, the plaintiff is limited to the clear, specific and exclusive remedy provided under General Statutes § 12-117a.[1]
CT Page 1249
The plaintiff alleges in paragraph ten that "[t]he Board, has acted in bad faith, by failing to take action to investigate the Applicant's land value claims." (Plaintiff's complaint, ¶ 10.) The plaintiff has not attempted to state a separate cause of action in this paragraph of his complaint, but rather, relies in part on the facts included in this paragraph to establish a cause of action under General Statutes12-117a.[2] The plaintiff alleges that the defendant's bad faith was part of its assessment of the plaintiff's property. Thus, because the plaintiff has alleged bad faith on the part of the defendant, he is eligible for an award of attorney's fees if he prevails on his claim. CFMof Connecticut, Inc. v. Chowdhury, 239 Conn. 375, 394, 685 A.2d 1108
(1996), overruled in part on other grounds, State v. Salmon, 250 Conn. 147,154-55, 735 A.2d 333 (1999) ("It is generally accepted that the court has the inherent authority to assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons."); see also Maris v. McGrath, 58 Conn. App. 183, 189, 753 A.2d 390
(2000). Accordingly, under Donovan v. Davis, supra, 84 Conn. 397 and CFMof Connecticut, Inc. v. Chowdhury, supra, 239 Conn. 394, the defendant's motion to strike the allegations in both paragraph ten of the plaintiff's complaint and in the relevant portion of paragraph four of the plaintiff's request for relief is denied as it is procedurally improper.
The plaintiff's prayer for relief includes a reduction of the assessed value of the property, reimbursement of overpayment of taxes, costs and reasonable attorney's fees. The defendant argues that two of the requests should be denied because the plaintiff is not entitled to costs or attorney's fees under General Statutes § 12-117a. The defendant's motion to strike is denied as to all paragraphs in the plaintiff's prayer for relief because the court finds that the plaintiff states a legally cognizable claim for bad faith in his complaint. Pamela B. v. Ment, supra, 244 Conn. 325 ("Practice Book (1998 Rev.) § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded."). Thus, there is no need to strike attorney's fees from the plaintiff's prayer for relief, because General Statutes § 12-117a
gives the court discretion about the relief it can award and, should the plaintiff prevail in his appeal in showing that the defendant acted in bad faith, the court may award attorney's fees.[3] Chalet Navy PropertiesLtd. Partnership v. Groton, Superior Court, judicial district of New London at New London, Docket No. 538548 (October 6, 1998, Hurley, J.) (in a tax assessment case, the trial court ordered, upon request, a hearing regarding reimbursement of taxes already paid, attorney's fees, and costs.); Wosczyna v. Estate of Antone, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 521515 (January 30, 1997, Langenbach, J.) (after conducting a hearing, the trial court concluded that the plaintiff is not entitled to attorney's fees because "[t]he plaintiff cannot recover attorney's fees for bad faith absent a CT Page 1250 finding by the trial court that the opposing party acted in `bad faith,' `vexatiously,' `wantonly' or for `oppressive reason.'").
Finally, the defendant challenges paragraph two of the plaintiff's prayer for relief, in which the plaintiff asks for reimbursement for overpayment of taxes collected in 1999 and 2000 with interest and costs. The defendant argues that overpayment of taxes during the year 1999 should be stricken from paragraph two of the plaintiff's prayer for relief because the taxes paid during this time period "have absolutely nothing to do with the October 1, 1999 revaluation year." (Defendant's memorandum, p. 5-6.)
The revaluation year for New London began on October 1, 1999; see General Statutes § 12-62(b)(1); and "[t]he assessments derived from each such revaluation shall be used for the purpose of levying property taxes in such municipality in the assessment year in which such revaluation becomes effective and in each assessment year thereafter until the next succeeding revaluation. . . ." General Statutes §12-62(a)(1). Property taxes are due at the beginning of the fiscal year, or July 1. General Statutes § 7-383. The taxes due on July 1, 1999 could not have been levied under the October 1, 1999 revaluation, from which this appeal arises. The motion to strike is therefore granted as to the portion of the prayer for relief seeking reimbursement for overpayment of taxes collected in 1999.
 III CONCLUSION
In accordance with the foregoing discussion, the defendant's motion to strike is denied as to paragraph ten of the plaintiff's complaint, as well as paragraphs three and four of the plaintiff's prayer for relief. The motion is granted as to the portion of the prayer for relief seeking reimbursement for overpayment of taxes collected in 1999.
D. MICHAEL HURLEY JUDGE TRIAL REFEREE